Brown's Adm'r *v.* Sullivan.

to said complaint.  *Cox* v. *Hutchings*, 21 Ind. p. 219; *Glidewell* v. *Daggy*, *id.* 95.

The judgment is affirmed, with costs.

*Claypool, Clarke, McDonald & Roache,* for the appellant.
*Hendricks & Hord,* for the appellee.

———————◦◦◦———————

BROWN'S, ADM'R *v.* SULLIVAN.

ADMINISTRATOR DE SON TORT.—Mere acts of kindness and charity, touching the property of a deceased person, such as taking care of it, feeding stock, providing for children, &c., will not constitute the person who does them an administrator *de son tort.*

COSTS.—In an action against a person as administrator *de son tort,* if the plaintiff recover 5 dollars or more in damages, he will be entitled to judgment for costs generally.

APPEAL from the *Washington* Common Pleas.

PERKINS, J.—*Elisha Tarr,* as administrator of the estate of *William Brown,* deceased, sued *David Sullivan,* as executor *de son tort* of said *Brown's* estate, laying his damages at 200 dollars.  *Sullivan* answered in two paragraphs.

1. The general denial.

"2. Said defendant for further answer to said complaint says, that he took possession of said property at the request of his daughter, who was the widow of said decedent, merely for the purpose of taking care of the same, and that he took proper care thereof, doing it no injury, until letters of administration were taken out on said estate, when he delivered up said property to the plaintiff, the administrator appointed, so soon as he was authorized to receive the same, which is the taking and conversion complained of in the complaint.

"JOHN H. BUTLER, for defendant."

The Court overruled a demurrer to this answer. A reply in denial was then filed. Trial, judgment for the plaintiff for less than 50, but more than 5 dollars. Judgment for costs in favor of the defendant.

It is claimed that the Court committed two errors:

1. In overruling the demurrer to the second paragraph of the answer.

2. In rendering judgment for costs against the plaintiff.

We will notice these two points in their order.

Who, then, is an executor *de son tort?* Our statute declares that:

"SEC. 15. Every person who shall unlawfully intermeddle with any of the property of a decedent, shall be chargeable as an executor of his own wrong, and shall be liable to an action in the Court of Common Pleas, or any other Court of competent jurisdiction, by any creditor or other person interested in the estate of the decedent, to the extent of the damages occasioned thereby, and shall account for the full value of such property, with 10 per centum thereon, and may be examined under oath touching such intermeddling, and testimony thus elicited shall not be thereafter used against him in any prosecution; and such person may also be attached and imprisoned in the discretion of the Court, until its orders in the premises are complied with; and no debt due such executor from the decedent shall be deducted from the value of any such property." 2 G. & H. 488.

The intermeddling, then, with the goods of a deceased, by a living person, which will constitute such living person an executor *de son tort*, must be an illegal intermeddling. Was the intermeddling set forth in the second paragraph of the answer a legal or illegal one? Fifteen days must elapse, and a greater number may, before an administrator of an estate can be appointed; 2 G. & H. 485; who is to take care of the estate of the deceased in the meantime? Will the taking

care of it constitute a person an executor *de son tort?* *Toller* says: "But there are many acts which a stranger may perform without incurring the hazard of such an executorship; such as looking up the goods; directing the funeral in a manner suitable to the estate which is left, and defraying the expenses of such funeral himself or out of the deceased's effects; making an inventory of his property; advancing money to pay his debts or legacies; feeding his cattle; repairing his houses; providing necessaries for his children; for these are offices of kindness and charity." Tol. on Ex. p. 40. Acts of kindness and charity, then, may be performed without subjecting the person to the liability of an executor *de son tort.*

According to the second paragraph of the answer, nothing beyond such acts was done in this case. We think the ruling on the demurrer was right. See *Reagan* v. *Long's Adm'r*, 21 Ind. 264.

We think the judgment for cost against the plaintiff was wrong, irrespective of the question whether the Common Pleas had jurisdiction of the cause by virtue of its character as a Probate Court. The action sounded *in tort* only, was for damages solely, and the plaintiff recovered over 5 dollars. See 2 G. & H. p. 227, § 398.

The judgment as to costs is reversed with costs, with instructions to render judgment below against the defendant for costs; the judgment against the defendant is affirmed, subject to correction as to costs as above directed.

*Per Curiam.*—The judgment is accordingly reversed as to costs, and affirmed as to the residue.

*Horace Heffren,* for the appellant.

*John H. Butler* for the appellee.