ISRAEL PERKINS *vs.* JONATHAN LADD.

One, who, as the widow's agent, in good faith, sells perishable property of the estate of the dead husband and accounts for the proceeds, is not liable to an administrator afterwards appointed.

TORT, brought by the administrator of the estate of Frank A. Rolfe, for the conversion of two horses belonging to the estate.

At the trial in the Superior Court, before *Lord*, J., there was evidence to show that the plaintiff's intestate, an officer in the United States army, was killed in the battle of the Wilderness in 1864 ; that his horses, sword and various other articles were sent by the general of the army to Washington, D. C., directed to the care of the defendant, a paymaster in the United States army, who forthwith forwarded all the articles, except the horses, to the widow of the deceased at Lawrence, Mass., where she then resided ; that the horses were sick and diseased and in bad condition ; that they were put in a stable under the charge of a stable-keeper, and that the defendant sought of the widow directions as to what disposition should be made of them ; that she thereupon directed him to have them sold at Washington, and to send her the proceeds ; that the defendant, in accordance with her directions, employed an auctioneer to sell them for her at public auction, and sent her the proceeds, which she received ; that the stable-keeper's charge for keeping was $1.00 per day for each horse ; that the defendant never acted or claimed to act concerning the horses except in accordance with the directions of the widow ; that he never had any personal benefit from the horses or the proceeds, and that he charged nothing for his services; and that these transactions all took place within a few weeks of Rolfe's death.

The plaintiff contended that the defendant acted for himself, and that he neither was, nor could be, justified in what he did touching the disposal of the horses by any power which the intestate's widow did or could confer upon him.  He also contended that the sale was a pretended one, made pursuant to a secret arrangement between the defendant and the auctioneer, by which

the possession of the horses, or of one of them, passed to the defendant, in fraud of the plaintiff's intestate's estate.

The court instructed the jury that under the laws of Massachusetts the widow was *primâ facie* entitled to administer upon the estate of her deceased husband; that if Mrs. Rolfe, immediately upon knowing that the effects of her deceased husband were in the care of the defendant at Washington, requested him to act in reference to them in her behalf, and he did so act in good faith, (said property being perishable in its nature,) and made the sale as her agent and at her request, and in all respects accounted with her for all which he received, that he was not liable; but that if he undertook in any manner to act in his own behalf, or to secure for himself directly or indirectly any benefit from the sale of the horses, or if there was any secret arrangement or understanding between himself and the auctioneer that he was to become possessed of one or of both the horses under a pretended sale, then the action might be maintained, and he would be liable for the value of the horses to the present plaintiff.

The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*C. Cowley*, for the plaintiff.

*D. S. & G. F. Richardson*, for the defendant.

DEVENS, J. The rights of the plaintiff, who seeks to recover here for an alleged conversion of the property of his intestate, must be governed by the principles which would control in an action for wrongful intermeddling with the estate by one who it was claimed had thereby rendered himself liable as executor *de son tort*. Under Gen. Sts. *c.* 94, § 14, any one intermeddling injuriously with the estate of a deceased person without being thereto authorized by law, is liable to the persons aggrieved as an executor in his own wrong; and by section 15 of the same chapter, every executor in his own wrong is liable to the rightful executor or administrator for the full value of the goods taken by him, and for all damage caused by his acts to the estate of the deceased.

Upon the evidence in the case, the defendant was rightfully in possession of the horses, the value of which is sued for, the intestate having been an officer of the United States army, killed at the battle of the Wilderness in 1864, and his effects having been, by direction of the commanding general, placed in charge of the defendant, who was then a paymaster in the army. Under the instructions, the jury must have found that, upon being informed that the effects of the intestate were in the care of the defendant at Washington, his widow requested him to act for her in reference to them; that he did so in good faith; that, the property being perishable in its nature, (consisting of horses diseased and in bad condition, which could only be kept at great and disproportionate expense,) he, in compliance with her directions, sold them and remitted to her the proceeds; and that he in no manner acted in his own behalf, nor in any way, directly or indirectly, secured to himself any benefit from the transaction.

The acts of the defendant, upon which it is sought to charge him, were done in 1864, and it would be unfortunate in the present case if the general principles of law were such as to compel us to charge the defendant (who appears to have acted throughout with the honorable purpose of saving the effects of a fellow soldier, and neither to have asked nor received compensation for his services) with liability in a suit brought so long after the transactions referred to. We are of opinion that they do not so compel us, and that the ruling under which a verdict was rendered for the defendant is not open to exception.

Upon the death of a person, a short time must necessarily elapse before title to his personal property can be acquired by the issue of letters testamentary or of administration. Within this period, however, many acts must be done if such property is to be suitably preserved. Goods must be stored, animals fed and cared for, and perishable property must be disposed of. As by Gen. Sts. c. 94, § 1, the widow, or next of kin, or both, as the Probate Court shall see fit, are entitled to the administration, no person can be more suitable than the widow to take such temporary charge of the property. We are to consider whether one who aids her in this, acting simply as her servant and agent,

becomes liable for the value of the goods which he thus assists her in caring for, and, when the property is perishable, in disposing of.

It was formerly held, with great strictness, that no one could interfere in the least with the estate of a deceased person. This was carried to such an extent, that a wife has been held liable as executrix *de son tort* for milking the cow of her deceased husband. *Gerret* v. *Carpenter*, 2 Dyer, 166, note. But it is now determined that there are many acts which do not make one liable, such as locking up the goods of the deceased for preservation, directing the funeral and paying the expenses thereof, feeding his cattle, &c., for these are necessary acts of kindness and of charity. 1 Williams on Executors, (4th Am. ed.) 214, and cases there cited. *Camden* v. *Fletcher*, 4 M. & W. 378.

In *Padget* v. *Priest*, 2 T. R. 97, Mr. Justice Buller intimates that if the defendant had acted merely as the servant of another, he should not be held liable. In *Brown* v. *Sullivan*, 22 Ind. 359, it was held that taking possession of property at the request of the widow of the deceased, for the purpose of taking care of it, did not make one liable as executor *de son tort*. In *Givens* v. *Higgins*, 4 McCord, 286, it was held that one acting as agent for the widow, and not knowing in what character she was acting, would be considered as her agent merely, and not as exercising such control over the funds of the estate as to make himself liable. In this case the defendant had, by direction of the widow, transferred certain property of the deceased in payment of one of his debts. In *Magner* v. *Ryan*, 19 Missouri, 196, it was held that a person who had, by direction of the widow, sold certain goods and paid over to her the proceeds, was not liable as executor *de son tort*, and that no one was liable as such for acts in reference to the administration of an estate, which he had done merely as the servant of another.

Both these last cases go much further than the present case, and perhaps further than we should be willing to go. The rules against intermeddling with the estates of deceased persons are important, as the interval of time between the decease and the appointment of an administrator affords opportunities of which

evil disposed or even intrusive and officious persons should not be allowed to take advantage, by interfering with the administration of the person who may thereafter be appointed. When, however, one can show (and this is all that it is requisite in order to sustain the ruling of the presiding judge) that he has acted in good faith, at the request of the party entitled to administration, in doing an act in disposing of perishable property apparently necessary for the purpose of having its proceeds reach those entitled to them, and has paid over the proceeds to the party at whose request he has thus acted, he is not responsible for a wrongful conversion of the property.                            *Exceptions overruled.*