## EUGENE K. FLEMING v. STATE OF FLORIDA

21 So. (2nd) 345                                  January Term, 1945
March 13, 1945                                            Division A
Rehearing denied April 4, 1945

*Frank T. Cannon,* for appellant.

*J. Tom Watson,* Attorney General, and *John C. Wynn,* Assistant Attorney General, for appellee.

BUFORD, J.:

The appellant was indicted and charged with the offense of murder in the second degree and was tried in Criminal Court of Record of Duval County under such indictment. The trial resulted in conviction of the offense charged. Thereupon, motion for new trial having been denied, appeal was perfected to this Court and the cause is now before us for disposition.

The appellant poses six questions for our consideration. The first question is:

1. "Where part of the defense is insanity, and in the process of passing upon a motion for new trial and sentencing the defendant, the trial judge states, among other things, 'I am of the personal opinion that the man did not know what he was doing—as I have already stated, if I had been on the jury, I never would have found a verdict of that kind.', is not the defendant entitled to the benefit of the judicial opinion of the trial judge upon the evidence?"

Although the trial judge made the statement regarding his personal opinion above quoted, he, nevertheless, declined to substitute his personal opinion for the verdict of the jury and in so doing he properly performed the functions of a trial judge.

The second question challenges the sufficiency of the evidence to sustain the verdict. We have examined carefully the evidence and find it amply sufficient to sustain the verdict and judgment.

The third question challenges the action of the court in refusing to give a charge in the following language:

"The killing of a human being by the act, procurement or culpable negligence of another, in cases where such killing shall not be justifiable or excusable, nor murder in any of its degrees, is manslaughter. Thus, a killing done in a certain heat of passion, without any premeditated design to effect death, but not being done under such circumstances as would make it justifiable homicide, would be manslaughter. And

where two people engage in mutual combat, both being at fault, and neither being the aggressor more than the other, and in such combat one slay the other, such killing is manslaughter." (Disney v. State, 72 Fla. 492, 73 So. 598).

And the fourth question challenges the propriety of the trial judge in refusing to gve a charge as follows:

"A 'killing in the heat of passion' occurs when the state of mind of the slayer is necessarily different from that when the killing is done in self-defense. Whether he believes or does not believe that he is in danger is immaterial. He is intoxicated by his passion, is impelled by a blind unreasoning fury to redress his real or imagined injury, and while in that condition of frenzy and distraction inflicts the mortal wound. In that condition of mind, premeditation is supposed to be impossible and depravity which characterizes murder in the second degree absent, and such killing is manslaughter."

Both charges were properly refused because there was no evidence before the jury upon which these charges could have been properly based. It is well settled in this State that charges which are inapplicable to the facts and unwarranted by the evidence are properly refused and need not be given. See Harvey v. State, 129 Fla. 289, 176 So. 439; Jarrell v. State, 135 Fla. 736, 185 So. 873.

Question Five also challenges the sufficiency of the evidence which has already been answered.

Question Six challenges the propriety of the testimony of the physician who examined the defendant, but not under order of court, being received in evidence. The record fails to show any objection made to the examination of the defendant by the physician called as a states witness, and also fails to show any objection to the testimony proffered and received from such witness.

The defendant relied upon a plea of temporary insanity and testified, in effect, that he had no recollection of the altercation in which the deceased was murdered. That he was so temporarily insane was not corroborated by any other witness and the conclusion which we draw from the testimony is that for some unknown reason he killed the deceased with whom he was living as a paramour, he at the time having a

living wife in North Carolina, and decided that his best chance to escape the electric chair was to pretend that he had no recollection of what transpired. His story did not impress the jury and our conclusion is that the jury reached a proper verdict under the charge made.

So the judgment is affirmed.

CHAPMAN, C. J., TERRELL and ADAMS, JJ., concur.