**H. L. MOORMAN, v. STATE OF FLORIDA**

25 So. (2nd) 563                                 January Term, 1946
April 9, 1946                                         Division A

*George P. Garrett* and *Ellis F. Davis,* for appellant.

*J. Tom Watson,* Attorney General, *Reeves Bowen* and *Cecil T. Farrington,* Assistant Attorneys General, for appellee.

BUFORD, J.:

Appellant being informed against and charged with the crime of assault with intent to commit murder in the first degree, was convicted of the offense of aggravated assault and appealed.

But two questions are presented for our consideration. The first challenges the action of the trial court in refusing to give requested charges on the law of self-defense. This did not constitute error because there was no evidence tending to prove that the accused acted in self-defense when he pointed the gun at Godwin in an angry and threatening manner. See 6 C.J.S. Sec. 92, page 945; 4 Am. Jur. Sec. 39 page 148; Wandler v. State, 128 Fla. 618, 175 So. 255; Johnston v. State, 29 Fla. 558, 10 So. 686; Barnhill v. State, 56 Fla. 16, 48 So. 251; Fleming v. State, 155 Fla. 735, 21 So. (2nd) 345.

The second question posed is:

"Where the charge of aggravated assault is that the defendant made an assault upon Leon Godwin 'with a certain deadly weapon, to-wit: a rifle,' by then and there 'offering and attempting to shoot the said Leon Godwin with the said

rifle' is it incumbent upon the State to show beyond a reasonable doubt that the alleged rifle was loaded, where, as in the circumstances of this case, it was not used as a club, or thrown as a missile?"

It is the contention of the appellant that it was necessary for the State to prove by *direct* evidence that the rifle used by the appellant was loaded at the time it was so used.

It is too well settled to require citation of authorities that any material fact may be proved by circumstantial evidence, as well as by direct evidence.

In this case the jury was warranted in concluding from the direct evidence that immediately after Godwin had assaulted the defendant by striking him, defendant turned and ran about 50 steps to his automobile, saying to Godwin, "I will kill you, God damn you; you humiliated me before these people. I got something in my car; I will get it and kill you, you s— of a b——."

There is no evidence shown by the record that the rifle was not loaded. There is evidence that defendant was prevented from firing the rifle by the interference of a third party; that on reaching the automobile he took out a rifle and presented it at Godwin. At this point Mrs. Brown, who had just arrived on the scene, stepped between defendant and Godwin and then grasped the gun with one hand and defendant's thumb with the other and dissuaded defendant from carrying out his threat and, thereupon, the defendant put the rifle back in his car, got in and drove off.

In the case of People v. Montgomery, 15 Cal. App. 315, 114 Pac. 792, the court in affirming a conviction of the crime of assault with a deadly weapon with intent to kill and murder, said:

"That defendant was enraged towards Freehardt when he left the barn and went after the gun; that he returned very soon thereafter and accosted Freehardt in a manner to indicate that the gun was loaded, for otherwise his declaration, made at some distance from Freehardt, 'I have got you now,' would have been meaningless; that he did not leave the premises when he heard Freehardt call for help over the telephone, but took a position near the barn, partially hidden

by the scales, and where he could see the door and where he was when Worthington found him with the gun and looking toward the barn; that his anger had not yet cooled as was indicated by his threat to Worthington that he would 'fix the whole bunch'—all these facts and circumstances had a tendency to prove that the gun was loaded and with it was for the jury to say whether the evidence showed this to their minds beyond a reasonable doubt. The gun was not taken by the officer who made the arrest, but was called for by its owner some days afterwards, and he testified that it was not then loaded."

To the same effect is Jackson v. United States, 102 Fed. 478, 42 C. C. A. 452; State v. Yturaspe, 22 Ind. 360, 125 Pac. 802; Territory v. Gomez, 14 Arizona, 139, 125 Pac. 702; 42 L.R.A. (N.S.) 975; State v. Herron, 12 Mont. 230, 29 Pac. 816. 33 Am. St. Rep. 576.

This case is differentiated from the case of Davis v. State, 25 Fla. 272, 5 So. 803 because in the Davis case the defendant was convicted of an assault with attempt to murder and the indictment charged the assault to have been made "with a certain gun, a deadly weapon then and there loaded and charged with gun-powder and leaden bullets."

The evidence showed that although the defendant made a threat to kill Farnell and presented the gun at Farnell, he did not shoot, nor did anyone prevent him from shooting.

In the instant case the defendant was convicted of an aggravated assault and the record shows that he threatened the life of Godwin; that he presented the gun at Godwin and was prevented from executing his threat by the intervention of a Mrs. Brown as hereinbefore stated.

We think that from the facts shown by the record, the jury was warranted in drawing the conclusion that the gun was loaded.

The defendant did not testify that the gun was not loaded. His testimony was that the object which he got from the automobile was a mop-stick and piece of pipe and he merely took it out of the car to protect himself in the event further assault was made on him. This the jury did not believe because a preponderance of the evidence was to the contrary.

For the reasons stated, the judgment should be affirmed, and it is so ordered.

Affirmed.

CHAPMAN, C. J., TERRELL and ADAMS, JJ., concur.