113 So.2d 572 (1959)
John Cornelius FULFORD, Appellant,
v.
STATE of Florida, Appellee.
No. 583.
District Court of Appeal of Florida. Second District.
July 8, 1959.
John C. Fulford, in pro. per.
Richard W. Ervin, Atty. Gen., and Odis M. Henderson, Asst. Atty. Gen., for appellee.
FARRINGTON, OTIS, Associate Judge.
John Cornelius Fulford was tried and convicted of the offense of escape while serving a felony sentence. He appeals from the judgment of conviction and sentence imposed therefor.
Sec. 954.30, F.S. 1955, F.S.A.,[1] under which appellant was charged provides as follows:

*573 "Any prisoner confined in any prison, jail, road camp, or other penal institution, state, county or municipal, or in working upon the public roads or being transported to or from a place of confinement, who escapes or attempts to escape from such confinement, if the charge or conviction under which said prisoner is incarcerated constitutes a felony, he shall be guilty of a felony and upon conviction thereof shall be punished by imprisonment of not more than ten years; or if the charge or conviction under which said prisoner is incarcerated constitutes a misdemeanor, he shall be guilty of a misdemeanor and upon conviction thereof shall be punished by imprisonment of not more than ninety days. The punishment of imprisonment imposed under this section as amended shall be in addition to any former sentence imposed upon any prisoner convicted hereunder."
Appellant contends that the State failed to prove at the trial that at the time of his alleged escape, he was incarcerated under a charge or conviction of a felony. We are of the opinion that the record bears out this contention, and that because of such omission the judgment and sentence appealed from must be reversed.
At the trial the prosecuting attorney introduced into evidence a copy of an information filed in the Criminal Court of Record of Dade County, Florida, in the June Term of 1954, charging John Cornelius Fulford with a felony, copies of excerpts from the minutes of the said Criminal Court of Record indicating that John Cornelius Fulford was adjudged guilty of a felony as charged in said information and sentenced on October 5, 1954, and a copy of the commitment of John Cornelius Fulford to the Florida State Prison System. No evidence was introduced connecting the accused with the John Cornelius Fulford named in the said copies of the information, minutes, and commitment papers which were received in evidence.
To support a conviction under Sec. 954.30, F.S., 1955, F.S.A., the State was required to prove beyond a reasonable doubt that the accused escaped from incarceration under a charge or conviction of a felony or a misdemeanor. Identity of name was not sufficient to establish the identity of accused with that of the John Cornelius Fulford who was previously committed to the Florida State Prison System by reason of a felony conviction. See Thompson v. State, 1913, 66 Fla. 244, 63 So. 423; Parrish v. State, 1925, 90 Fla. 25, 105 So. 131; Pearce v. State, 1940, 143 Fla. 347, 196 So. 685.
In Parrish v. State, supra, the defendant was charged with aiding the escape of one J.R. Camp. At the trial the superintendent of the prison farm testified that the J.R. Camp, whose escape the defendant was on trial for having aided and assisted, was the identical person who was delivered to him with the original commitment, the certified copy of which was offered in evidence. The Florida Supreme Court held that the identity of the prisoner Camp was thereby sufficiently established, and that the State proved, at least prima facie, a lawful commitment.
Appellee contends that the testimony of the warden of State Road Prison Camp No. 4530 at the trial of this case that appellant had been under his custody and control as an inmate of the said prison camp from July 2, 1956, until January 7, 1957, when he escaped, was sufficient testimony in addition to the identity of names to support the jury verdict that appellant escaped from custody while serving a felony sentence. There was no evidence that appellant was incarcerated in the state prison at Raiford under the commitment papers received in evidence at the trial of the appellant on the escape charge. Proof of lawful custody is essential to conviction for the crime of escape. King v. State, 1900, 42 Fla. 260, 28 So. 206. Evidence that appellant had been in the custody *574 of the warden of State Road Prison Camp No. 4530 as an inmate for six months prior to his alleged escape did not constitute proof either that such custody was lawful or that appellant is the John Cornelius Fulford named in the documents received in evidence against him at the trial.
Other points raised by appellant in this appeal have been considered and found to be either unsupported by the record or without merit.
The judgment and sentence appealed from are reversed and the cause is remanded for a new trial.
ALLEN, C.J., and KANNER, J., concur.
NOTES
[1] Sec. 954.30, F.S., 1955, F.S.A., repealed, is now included in substantially the same language in the Florida Corrections Code of 1957 as Sec. 944.40, F.S., 1957, F.S.A.