PER CURIAM.
Defendant below, Urban Theron Jones, appeals from a finding and adjudication of guilt after a jury trial in a prosecution for murder in the second degree in the Criminal Court of Record of Dade County, Florida.
He challenges first the sufficiency of the evidence to support the finding of the jury that he was guilty of second degree murder.
There was conflicting evidence given by the defendant as to his actions which resulted in the death of the decedent. The jury resolved these conflicts against the defendant, and since the jury’s verdict is supported by substantial competent evidence, it will not be disturbed on appeal. Crum v. State, Fla.App.1965, 172 So.2d 24.
Defendant’s contention that the charges given to the jury were incomplete because there was none given as to manslaughter resulting from adequate provocation, is without merit. There were no objections to the charges; no requests for the specific charge; no objections to the failure to give a charge, and there is therefore no reversible error in the failure to give charges not warranted by the evidence. See Section 918.10(4), Florida Statutes, F.S.A.; Foreman v. State, Fla.1950, 47 So.2d 308; Fleming v. State, 155 Fla. 735, 21 So.2d 345 (1945); Hamilton v. State, Fla.App.1963, 152 So.2d 793; Williams v. State, Fla.App.1959, 109 So.2d 379.
Defendant also claims reversal because a written confession taken from him by the police was not introduced into evidence and oral testimony by police officers concerning his confession was admitted. There is no showing that his admission or confession was involuntary or that any threats or promises were made to him at the time of his confession. He was advised of his right to an attorney; was offered an opportunity to contact his attorney; was advised that he did not have to make a statement unless he did so of his own free will and accord, and that any statement which he made would be used against him in future court proceedings.
The evidence was sufficient to establish the corpus delicti prior to the introduction of the oral testimony of the officers concerning the defendant’s incriminating statement,[1] and the oral testimony was properly admitted into evidence.[2]
*831 Defendant also claims error because the trial court admitted into evidence the lug wrench alleged to have been used in the commission of the crime, inasmuch as it was not properly identified nor connected with the defendant at the time of the homicide. A review of the record indicates that the following question was asked the defendant concerning the lug wrench used in killing the decedent:
"Q So, you reached out to grab something. Was it just a coincidence that you grabbed this (indicating) ? Is that right?
“A Yes, it was.
It appears that this was sufficient evidence by the defendant himself to link the exhibit with the defendant and the murder. The question of the identification of the exhibit was sufficiently established by an officer who identified it by date, report number and his name on the lug wrench. See Urga v. State, Fla.App.1963, 155 So.2d 719.
For these reasons, the judgment and sentence of the trial court be and the same is hereby affirmed.
It is so ordered.

. Hodges v. State, Fla.1965, 176 So.2d 91.

. Williams v. State, Fla.App.196, 185 So. 2d 718; 22A C.J.S. Criminal Law § 693.