353 So.2d 901 (1977)
Dennis KELLERMAN a/k/a Natividad Barron, Appellant,
v.
The STATE of Florida, Appellee.
No. 77-436.
District Court of Appeal of Florida, Third District.
December 27, 1977.
Bennett H. Brummer, Public Defender and Thomas G. Murray, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen. and Linda Collins Hertz, Asst. Atty. Gen., for appellee.
Before PEARSON and NATHAN, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
CARROLL, CHARLES
This appeal is by the defendant from conviction of involuntary sexual battery by threatening to use force of violence likely to cause serious personal injury.
Citing and relying on Doyle v. Ohio, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976); Bennett v. State, 316 So.2d 41 (Fla. 1975); Shannon v. State, 335 So.2d 5 (Fla. 1976), appellant contends his conviction should be reversed because of the attempt of the prosecutor to impeach his exculpatory story, related in his testimony at trial, on cross-examination by questioning him as to whether he had related that story to the police officers after arrest and being warned of his Miranda rights. In this case there was no objection thereto, as there was in Doyle, also it was disclosed that the defendant had talked to the officers after arrest, relating other matters. In the circumstances of this case the decisions relied on by the appellant are not such as to prompt reversal. See: Clark v. State, 336 So.2d 468 (Fla. 2nd DCA 1976).
Judgment affirmed.
PEARSON, J., dissents.
NATHAN, Judge, concurring specially.
I agree that the judgment below should be affirmed, but wish to add that, in my opinion, the primary basis for affirmance is that this case simply does not present an issue of deprivation of fifth and fourteenth amendment rights. The defendant in this case did not invoke his right to remain silent. He freely conversed with the police officer who brought him to the area in which the victim was waiting for identification. This fact was brought out by the defense in cross examination of the officer.
When the prosecution cross examined defendant, the objective was to show that the story defendant told at trial was different from his earlier statements. The effect of this cross examination was not to deprive defendant of any constitutional right. Cf. Morgan v. State, Fla. 3d DCA, opinion filed *902 December 6, 1977. (The crucial aspect of the challenged testimony was that it was not elicited to show defendant's assertion of her right to remain silent.)