358 So.2d 100 (1978)
Walter RAGLAND, Appellant,
v.
The STATE of Florida, Appellee.
No. 77-397.
District Court of Appeal of Florida, Third District.
May 2, 1978.
Bennett H. Brummer, Public Defender and Kurt Marmar, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Anthony C. Musto, Asst. Atty. Gen., for appellee.
Before PEARSON and HENDRY, JJ., and CRAWFORD, GRADY L. (Ret.), Associate Judge.
HENDRY, Judge.
Appellant, defendant below, was charged by information with conspiracy to commit murder and attempted murder. A jury returned verdicts finding appellant guilty of conspiracy, but not guilty of attempted murder. The court adjudged appellant guilty and sentenced him to ten (10) years probation with a special condition that he serve five (5) years in the State Penitentiary.
Appellant's sole point on appeal is directed to the trial court's denial of various motions for mistrial. Appellant argues that motions for mistrial should have been granted upon repeated prosecutorial comments on appellant's post-arrest silence. We disagree.
While we are fully aware of the restrictions placed upon prosecutors on commenting upon a defendant's exercise of his or her constitutional right to remain silent, Doyle v. Ohio, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976); Bennett v. State, 316 So.2d 41 (Fla. 1975), the record before us conclusively demonstrates that appellant never invoked his Fifth Amendment right against self-incrimination. Rather, the record reveals that after being given his Miranda warnings, appellant freely and voluntarily conversed with the police. During this post-Miranda lengthy conversation, appellant refused to answer one question of many. We do not believe that comment upon the failure to answer a single question was violative of appellant's constitutional right, when said constitutional right was not invoked. See Williams v. State, 353 So.2d 588 (Fla. 3d DCA 1977); Kellerman v. *101 State, 353 So.2d 901 (Fla. 3d DCA 1977); Miller v. State, 343 So.2d 1292 (Fla. 3d DCA 1977); see also United States v. Fairchild, 505 F.2d 1378 (5th Cir.1975).
Accordingly, appellant's conviction and sentence are affirmed.
Affirmed.