371 So.2d 219 (1979)
Raymond Preston WARREN, Appellant,
v.
STATE of Florida, Appellee.
No. 77-1737.
District Court of Appeal of Florida, Second District.
May 23, 1979.
Jack O. Johnson, Public Defender, Bartow, and Wayne Chalu, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, Michael Palecki and Mary Jo M. Gallay, Asst. Attys. Gen., Tampa, for appellee.
HOBSON, Judge.
Appellant Raymond Preston Warren appeals his convictions for escape, armed robbery and carrying a concealed firearm. He contends that the trial court erred in allowing testimony into evidence concerning arrests and charges other than those for which he was being tried. He also argues *220 that the trial court erred in refusing to instruct the jury that an essential element of the crime of escape was that the escape was from lawful custody. We agree with appellant's arguments and reverse.
At trial, a detective from the Hillsborough County Sheriff's Department testified that appellant escaped from his custody while being transported to the county jail after a dental appointment. Appellant effected the escape by threatening the officer with a gun and handcuffing him to a nearby parked car. Appellant then drove away in the officer's vehicle.
On cross-examination the officer denied defense counsel's suggestion that appellant had paid the officer to permit the escape. On redirect, the following dialogue took place between the prosecutor and the officer:
Q. You had had occasion to see Mr. Warren's jail card?
A. Yes, sir.
Q. To your knowledge what was Mr. Warren in jail for at the time he escaped?
A. Multiple petit larceny armed robberies.

MR. ARNOLD: Your Honor, at this time I object and move for a mistrial. It is highly prejudicial and at this time I move for a mistrial.
THE COURT: Denied. Go ahead.
Q. Are you aware that any of the past  You were aware, then, of the offenses that the defendant was presently in jail for at that time?
A. Yes, sir. It was there to be seen.
Q. Were you aware of any other factors that came to your attention during the course of your job about this defendant?
A. He had a hold on him or at least one hold. He had a background of at least one escape.

MR. ARNOLD: Your Honor, again I object and move for a mistrial. This is irrelevant.
THE COURT. Overruled. Go ahead. (Emphasis supplied)
Prior to instructing the jury, the court submitted its proposed jury instruction on escape to counsel for both sides. Defense counsel agreed to the instruction on the condition that the court also instruct that one of the essential elements of the crime was that the defendant had escaped from lawful custody. The court declined to add this element.
The Supreme Court of Florida held in Williams v. State, 110 So.2d 654, 659 (Fla. 1959), that evidence of collateral crimes for which the defendant is not on trial may be admissible if relevant to prove some fact in issue other than the bad character of the defendant or his propensity to commit crime. Here the State argues that the testimony in question was elicited solely for the purpose of rehabilitating the witness. In this event, the prosecutor should have brought forth evidence of the officer's good character rather than testimony showing appellant's propensity for committing armed robbery and escape. Under the criteria of Williams v. State, supra, comments on appellant's prior record of crimes, identical to those on trial, were improper.
There are two reasons the trial court erred in not instructing the jury that to find appellant guilty of the crime of escape the State must prove he escaped from lawful custody. The first is that the trial court must instruct the jury as to each and every essential element of the offense charged. The consequences of a failure to so instruct were discussed by the Florida Supreme Court in Croft v. State, 117 Fla. 832, 158 So. 454 (1935):
[A] charge attempting to define the offense which does not cover material elements of the offense is necessarily misleading and prejudicial to the accused. It is equivalent to directing the jury that it is not necessary for the state to prove any elements of the offense except those included in the definition given by the court.
The second is that an essential element of the crime of escape is that the defendant escaped from "lawful custody." King v. *221 State, 42 Fla. 260, 28 So. 206 (1900); Fulford v. State, 113 So.2d 572 (Fla.2d DCA 1959).
Because the issues discussed are dispositive of the instant case, we do not address ourselves to the other points raised by appellant.
We reverse appellant's conviction and remand this cause for a new trial.
GRIMES, C.J., and RYDER, J., concur.