400 So.2d 519 (1981)
Lewis B. HAYES, Appellant,
v.
The STATE of Florida, Appellee.
No. 80-492.
District Court of Appeal of Florida, Third District.
June 16, 1981.
Rehearing Denied July 23, 1981.
*520 Bennett H. Brummer, Public Defender and Lawrence J. Stein, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Steven R. Jacob, Asst. Atty. Gen., for appellee.
Before HUBBART, C.J., and BARKDULL and FERGUSON, JJ.
FERGUSON, Judge.
From a conviction and sentence for second degree murder and robbery with a deadly weapon defendant appeals asserting three points as error:
(1) The denial of his challenge to the panel of prospective jurors where unlawful excusal forms were mailed to the jurors;
(2) the denial of a motion for mistrial where the police officer, in the presence of the jury, commented on the defendant's exercise of his right to remain silent;
(3) the court's entry of an order, after the time of sentencing, retaining jurisdiction over the defendant and failing to state the justification for the retention.
On examination of the record we find the first point to be without merit.
The police officer was called to the witness stand by the prosecutor. The officer testified that he advised the defendant of his constitutional rights, then asked him if he would answer questions without having an attorney present, and that in response defendant "denied any knowledge of the incident." Defendant was taken to the police station where he gave a stenographically-recorded and signed confession.
Defendant's free and voluntary denial of knowledge of the matter being inquired into, after being advised of his right to remain silent, was not an invocation of the Fifth Amendment privilege against incrimination. Williams v. State, 353 So.2d 588 (Fla. 3d DCA 1977), cert. dismissed, 372 So.2d 64 (Fla. 1979). The record before us demonstrates that defendant was afforded the opportunity but never exercised his right to remain silent. Ragland v. State, 358 So.2d 100 (Fla. 3d DCA 1978), cert. denied, 365 So.2d 714 (Fla. 1978). A crucial aspect of the testimony challenged herein is that it was not elicited to show defendant's assertion of his right to remain silent. Kellerman v. State, 353 So.2d 901 (Fla. 3d DCA 1977) (Nathan, J. specially concurring), aff'd on remand, 366 So.2d 824 (Fla. 3d DCA 1979). No reversible error is shown.
It is undisputed that when defendant was sentenced on January 25, 1980 the trial court did not mention retaining jurisdiction. The court did announce retention of jurisdiction three weeks later. The recorded judgment and sentence contain a handwritten notation initialed and dated February 4, 1980, that the "court retains jurisdiction on this matter".
*521 Section 947.16(3) Florida Statutes (1979) states in pertinent part:
Persons who have become eligible for parole and who may, according to the objective parole guidelines of the commission, be granted parole shall be placed on parole in accordance with the provisions of this law; except that, in any case of a person convicted of [enumerated felonies]..., at the time of sentencing the judge may enter an order retaining jurisdiction over the offender for review of a commission release order ... (emphasis added).
A court may reduce or modify a legal sentence within sixty days after such imposition, after which it is without jurisdiction. Fla.R.Crim.P. 3.800. But the rule is subject to constitutional limitations. Where a final conclusive judgment and sentence has been pronounced, the court may not recall the case and enhance the sentence for the reason that to do so subjects the defendant to double punishment for the same offense in violation of the Fifth Amendment to the Constitution. See, e.g., Troupe v. Rowe, 283 So.2d 857 (Fla. 1973); Gonzalez v. State, 384 So.2d 57 (Fla. 4th DCA 1980); Katz v. State, 335 So.2d 608 (Fla. 2d DCA 1976). Section 947.16(3) gives a trial court veto power over parole and thus has the effect of enhancement of a sentence. State v. Williams, 397 So.2d 663, (Fla. 1981). After defendant had been sentenced the trial court was without jurisdiction to retain jurisdiction for the purpose of reviewing a parole commission release order.
The conviction and sentence are affirmed except that the modification whereby the court purports to retain jurisdiction is reversed. We remand to the trial court for the purpose of correcting the sentence accordingly.