416 So.2d 878 (1982)
Ronald Gene PALMER, Appellant,
v.
STATE of Florida, Appellee.
No. 80-1332.
District Court of Appeal of Florida, Fourth District.
July 14, 1982.
*879 Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Laura R. Morrison, Asst. Atty. Gen., West Palm Beach, for appellee.
DELL, Judge.
Ronald Gene Palmer appeals his conviction and sentence for armed robbery, aggravated assault and carrying a concealed firearm.
A sixteen count information charged the appellant with thirteen counts of armed robbery; one count of aggravated assault; one count of carrying a concealed firearm; and one count of possession of a firearm while engaged in a criminal offense. Each count of armed robbery alleged a different named individual from whom money and possessions were taken. Count XIV alleged an aggravated assault upon one Arthur Petersen, also named in Count I as the victim of an armed robbery. The jury found appellant guilty of all the offenses as charged. The court sentenced him to thirteen consecutive terms of seventy-five years' imprisonment with a mandatory minimum of three years on each count of *880 Counts I through XIII (armed robberies) and to five years' imprisonment each on Counts XIV and XV (aggravated assault and carrying a concealed firearm), to be served consecutively to each other and to the initial thirteen counts. No sentence was imposed for possession of a firearm while engaged in a criminal offense (Count XVI). Thus, the trial court sentenced appellant to a total of nine hundred eighty-five years in prison with a mandatory minimum of thirty-nine years and retained jurisdiction over the first three hundred twenty-eight and one-third years of his sentence.
No dispute exists on the essential facts, with the exception of whether or not the appellant displayed a weapon during the perpetration of the assault on Mr. Petersen. On July 28, 1979, during a viewing, the appellant rang the doorbell at the Alemy Funeral Home. The assistant director, Arthur Petersen, answered, and appellant asked to see Allen Roberts. When Petersen told him that no one by that name was present, he pulled a gun and ordered Mr. Petersen to tell everyone to put their valuables on the floor. A few people laughed at Petersen's announcement, whereupon appellant pulled back the hammer on the gun, put the gun to Mr. Petersen's head and said, "I'll kill him if you think I am fooling." The mourners complied. After noticing two latecomers in the outer room of the funeral home he separately ordered them into the main chapel and told them to hand over their bills. As the mourners complied with the appellant's instructions, he threatened to shoot and kill them. After he completed the robbery of the mourners, he ordered Mr. Petersen into the funeral home office to open the cash box.
Appellant raises several points on appeal. He contends: that his conviction and sentence on thirteen counts of armed robbery should be reversed because he only violated one statute and the time, place, circumstances and intent were the same as to all of the victims; that the mandatory minimum sentences constitute cruel and unusual punishment; that the trial court erred in retaining jurisdiction over the first one-third of his sentence; and, that the trial court erred in convicting him on separate counts of robbery and use of a firearm in the commission of a felony.
Appellant cites Hearn v. State, 55 So.2d 559 (Fla. 1951), and argues that the robbery of thirteen separate individuals constituted a single transaction because he violated only one statute and the time, place, circumstances and intent were the same as to all of the victims. In Hearn v. State, the defendant stole cows belonging to two different owners from the same pasture at the same time. The Supreme Court found that only one larceny occurred. The defendant was convicted in the morning of the larceny of one cow belonging to Adkinson, and placed on trial in the afternoon for the larceny of cows and calves belonging to Ganey. He filed a plea of former jeopardy. The Supreme Court concluded
[T]he facts and circumstances of this case are identical with the other case for the larceny of which the defendants were convicted, all occurring at the same time and arising out of the same transaction, under the same circumstances and with the same intent, thus constituting this act a single larceny. (Emphasis added).

Hearn v. State, supra.

Two years later, the Supreme Court distinguished Hearn and held that the defendant committed two larcenies when he stole cattle belonging to two separate owners from two different pastures. Hall v. State, 66 So.2d 863 (Fla. 1953). The element of intent distinguished Hearn from Hall. In Hall, as in the instant case, the defendant knew that the property belonged to multiple owners. The record clearly demonstrates appellant's intent to commit a robbery as to each victim.
The Second District Court of Appeal has distinguished "single transaction" cases from "single episode" cases:
[A]ll so-called "single transaction" cases are in turn to be distinguished from those that may well be termed "single episode" (original emphasis) cases in which multiple, separate and severable offenses are committed; e.g., a single robbery involving *881 several victims, a multiple homicide situation, a burglary with intent to commit larceny and the ensuing larceny, or a case in which one is found simultaneously in possession of two separate and distinct kinds of contraband. In this latter class of cases both separate judgments and separate sentences, concurrent or consecutive are proper. (Emphasis supplied). State v. Peavey, 326 So.2d 461, 463-464 (Fla.2d DCA 1975), cert. denied, 336 So.2d 1184 (Fla. 1976).
This court also pointed out in Borges v. State, 394 So.2d 1046 (Fla. 4th DCA 1981), affirmed, 415 So.2d 1265 (Fla. 1982), that the legislature has abrogated the single transaction rule. Florida Statute 775.021(4) (1977). The record does not support appellant's argument that his conviction on Counts I through XIII constituted a violation of one statute. Rather the record amply demonstrates that he separately violated one statute thirteen times during a single episode. Therefore we must affirm appellant's conviction and sentence for each of the thirteen robberies.
Appellant contends that imposing three year mandatory minimum sentences on each of the thirteen consecutive sentences for armed robbery, a total of thirty-nine years, constitutes cruel and unusual punishment. He compares the thirty-nine year mandatory term for thirteen counts of armed robbery to the mandatory twenty-five year term for conviction of first degree murder. Appellant's comparison is invalid. A defendant convicted of thirteen counts of first degree murder would be subject to a total mandatory minimum sentence of three hundred twenty-five years as opposed to the thirty-nine years imposed in the instant case. We find no merit in this argument.
Appellant challenges the constitutionality of Section 947.16(3), Florida Statutes. The Supreme Court held this statute constitutional in Borden v. State, 402 So.2d 1176 (Fla. 1981). The trial judge based his order on articulated grounds and adequately noted his justification for retaining jurisdiction. We find no abuse of discretion in the court's retention of jurisdiction. Moore v. State, 392 So.2d 277 (Fla. 5th DCA 1980). Nor do we find any merit in appellant's assertion that the trial court failed to notify appellant that it would retain jurisdiction of his sentence. When the court announced the sentence the trial judge stated that, "This court will retain jurisdiction for the first third." Then the court reduced its order to writing, in a manner consistent with the requirements of Section 947.16(3). It made no change or modification in the sentence as announced at the time of sentencing. Appellant relies upon Hayes v. State, 400 So.2d 519 (Fla.3d DCA 1981), however, in Hayes, the trial judge did not mention retaining jurisdiction at the time of sentencing but rather placed a handwritten note on the judgment which was recorded later, "The court retains jurisdiction on this matter." We find no departure from the requirements of Section 947.16(3).
Appellant also challenges the imposition of a five year sentence for aggravated assault on Arthur Petersen and argues that this charge was a lesser included offense of the charges arising out of the robbery of the mourners. The assault on Mr. Petersen did not occur during the robbery of Petersen. The assault occurred when appellant took Mr. Petersen into a separate room to rob the funeral home cash box. Although the record does not show that he exposed a gun when he assaulted Mr. Petersen, the court adequately and properly instructed the jury as to the elements of the crime charged and the record contains sufficient evidence to support the jury's verdict. "It is too well settled to require citation of authorities that any material fact may be proved by circumstantial evidence, as well as by direct evidence." Moorman v. State, 157 Fla. 267, 25 So.2d 563 (1946).
Appellant also argues that we should vacate his conviction for using a firearm during the commission of a felony. The trial court did not impose a sentence for his conviction of the use of a firearm in the commission of a felony. Section 775.021(4), *882 Florida Statutes (1979), bars multiple sentences. No prohibition exists against multiple convictions for lesser included offenses. State v. Hegstrom, 401 So.2d 1343 (Fla. 1981).
Lastly, appellant argues that the trial court erred in retaining jurisdiction on the first one-third of his sentence for carrying a concealed weapon. He asserts that this offense is not an offense enumerated in the statute. Section 947.16(3), Florida Statutes, provides:
[E]xcept that, in any case of a person convicted of murder, robbery, aggravated assault, aggravated battery, kidnapping, sexual battery or attempted sexual battery, incest or attempted incest, an unnatural and lascivious act or an attempted unnatural and lascivious act, lewd and lascivious behavior, assault or aggravated assault when a sexual act is completed or attempted, battery or aggravated battery when a sexual act is completed or attempted, arson, or any felony involving the use of a firearm or other deadly weapon or the use of intentional violence, at the time of sentencing the judge may enter an order retaining jurisdiction over the offender for review of a commission release order.
The Second District Court of Appeal in Robinson v. State, 368 So.2d 638 (Fla.2d DCA 1979), determined that carrying a concealed weapon does not constitute a felony "involving the use of a firearm," as defined in Section 947.16(3), Florida Statutes. We agree and reverse only that part of the trial court's order retaining jurisdiction over the sentence for the offense of carrying a concealed weapon. In all other respects the convictions and sentences are affirmed.
AFFIRMED, REVERSED IN PART.
DOWNEY, J., concurs.
ANSTEAD, J., concurs in part and dissents in part with opinion.
ANSTEAD, Judge, concurring in part and dissenting in part:
The only disagreement I have with the majority opinion is the conclusion that the evidence was sufficient to sustain a conviction for an aggravated assault upon Arthur Petersen separate and apart from the assault which occurred during the robbery of Petersen. The state specifically charged that appellant committed this offense by pointing a .22 caliber revolver at Petersen in a threatening manner. Such an assault was proved in connection with the robbery of Petersen. However, there was no evidence that such an assault took place after appellant and Petersen went into the funeral home office and discovered that the cash box was empty. We can speculate that an assault probably took place but such speculation is not sufficient to fill the gap in the required proof.