KAPNER, LEWIS, Associate Judge.
Appellant, defendant below, was convicted of rape and was sentenced to three consecutive terms totaling 249 years. He appeals his conviction and that portion of the sentence wherein the trial court retained jurisdiction over the decision of the Parole Department. We find his arguments regarding his conviction to be without merit and, we, therefore affirm his conviction.
With respect to the trial court’s retention of jurisdiction, however, we believe the case should be remanded.
The transcript indicates the judge failed to retain jurisdiction, but the clerk’s notes and the written order of judgment and sentence indicate the opposite. Accordingly, we remand the case with directions to determine whether the sentencing judge properly retained jurisdiction at the time of sentencing in accordance with Section 947.-16(3), Florida Statutes (1979)[1] and Hayes v. State, 400 So.2d 519 (Fla. 3d DCA 1981).[2] See Robinson v. State, 407 So.2d 1038 (Fla. 1st DCA 1981).
Conviction affirmed. Sentence remanded to the trial court for proceedings consistent with this opinion.

. Section 947.16(3), Florida Statutes (1979):
[I]n any case of a person convicted of (certain felonies) ..., at the time of sentencing the judge may enter an order retaining jurisdiction over the offender for review of a commission release order.... [emphasis supplied]

. Where a final conclusive judgment and sentence has been pronounced, the court may not recall the case and enhance the sentence .... Section 947.16(3) gives a trial court veto power over parole and thus has the effect of enhancement of a sentence.... After defendant had been sentenced the trial court was without jurisdiction to retain jurisdiction for the purpose of reviewing a parole commission release order.
400 So.2d at 521.