CAMPBELL, Judge.
John Edward Sullivan appeals his conviction and sentence for escape. We affirm.
At trial, Detective Goodrich of the Pinel-las County Sheriff’s Department testified that on December 12,1981, he was assigned to investigate three escapes from the Pinel-las County Jail. One of the escapees was John Edward Sullivan. The detective went to the jail, looked at the inmate records and verified that John Edward Sullivan had been incarcerated there. After running down several leads, Detective Goodrich apprehended appellant. Goodrich said that appellant gave him a detailed account of how he had escaped from the Pinellas County Jail and told him that his prison clothes were located in a truck which he had stolen near the jail. The judge in the circuit court then took judicial notice of a criminal case file in that court which indicated that on November 12, 1981, John Edward Sullivan had entered a plea of guilty to criminal charges and had been remanded to the custody of the Pinellas County Jail to await sentencing.
Appellant contends that the state failed to prove that he was in lawful custody at the time of the alleged escape. He relies on Fulford v. State, 113 So.2d 572 (Fla. 2d DCA 1959), to support his argument that sameness of name is insufficient to establish his identity as the John Edward Sullivan who was previously committed to the Pinellas County Jail.
To support a conviction for escape under section 944.40, Florida Statutes (1981), the state must prove beyond a reasonable doubt that appellant escaped from “lawful custody.” Warren v. State, 371 So.2d 219 (Fla. 2d DCA 1979); Maggard v. State, 226 So.2d 32 (Fla. 4th DCA 1969). We believe the state has met its burden of proof.
In Fulford v. State, the defendant, John Cornelius Fulford, was charged with escape while serving a felony sentence. At trial, the warden of State Road Prison Camp No. 4530 testified that the defendant had been under his custody and control as an inmate for six months prior to his alleged escape. The prosecuting attorney also introduced into evidence a copy of the information charging John Cornelius Ful-ford with a felony, copies of court records indicating that John Cornelius Fulford was adjudged guilty of the felony as charged, and a copy of the commitment of John Cornelius Fulford to the Florida State Prison System. This court held that the evidence did not constitute proof that defendant’s custody was lawful or that the defendant was the John Cornelius Fulford named in the documents received in evidence against him at trial. We are of the opinion that Fulford ignores the fundamental rule that any material fact in a criminal case may be proved by circumstantial as well as direct evidence. See Moorman v. State, 157 Fla. 267, 25 So.2d 563 (1946). We therefore recede from Fulford and hold that in situations such as the one sub judice, identity may be demonstrated by circumstantial evidence. While Justice is depicted blindfolded with uplifted scales to illustrate her impartiality, the trier of fact in our judicial system is not required to be blind to the facts established according to the rules of evidence.
Viewed collectively, the evidence was sufficient to establish that appellant escaped from lawful custody. The trial court took judicial notice of the fact that John Edward Sullivan had been remanded to the Pinellas County Jail to await sentencing. Detective Goodrich verified this by looking at inmate records showing that John Edward Sullivan was incarcerated at the Pinellas County Jail. Appellant also admitted to Detective Goodrich that he had escaped from the Pinellas County Jail in a truck he had stolen at a location near the jail. His clothes were found in the stolen truck. This evidence, coupled with the fact that the record contains no inference that another John Edward Sullivan was incarcerated in the Pinellas County Jail at the *521 time Detective Goodrich made his verification of the jail records, was sufficient to exclude every reasonable hypothesis but that of guilt. The jury in this case concluded that appellant was guilty of escape. The evidence presented to the jury was sufficient as a matter of law.
For the foregoing reasons, we decline to overturn appellant’s conviction.
AFFIRMED.
GRIMES, Acting C.J., and SCHEB, J., concur.