ZEHMER, Judge.
Donald Cohron appeals a final judgment adjudicating him guilty of one count of escape from the custody of a road prison program on August 1,1989, and sentencing him as a habitual felony offender to a thirty-year term of imprisonment. He raises several issues.
Cohron first contends that the circuit court erred in allowing the prosecutor to interrogate him about the number and nature or types of his prior adult felony convictions. While testifying in his defense, Cohron stated that he had been previously convicted of one prior adult felony. Thereafter, the state was permitted to refresh Cohron’s memory as to his numerous prior felony convictions. The manner in which this impeachment was conducted by the state conformed to law. See Houston v. Young, 337 So.2d 852 (Fla. 1st DCA 1976); State v. Young, 283 So.2d 58 (Fla. 1st DCA 1973), cert. denied, 290 So.2d 61 (Fla.1974); Cummings v. State, 412 So.2d 436 (Fla. 4th DCA 1982).
Cohron next contends that the circuit court erred in permitting the state to introduce evidence of the criminal offenses *948 for which he was charged but not convicted at the time of his escape. The circuit court’s ruling permitted this evidence in rebuttal to Cohron’s testimony and contention that he escaped from prison to seek work so he could employ another attorney to replace the public defender that he felt was inadequately representing him. Initially, we observe that the court should not have admitted the defendant’s evidence of this excuse, because it was irrelevant to the issues at trial and did not constitute a legally sufficient defense to the charge of escape. State v. Alcantaro, 407 So.2d 922 (Fla. 1st DCA 1981), rev. denied, 413 So.2d 875 (Fla.1982); Watford v. State, 353 So.2d 1263 (Fla. 1st DCA 1978). This error was further compounded by allowing the state to present evidence of the number and nature of pending charges and the work being done on them by the public defender. Ordinarily, evidence of the number and nature of charges pending when the defendant escapes from custody is not admissible. Fonts v. State, 375 So.2d 347 (Fla. 2d DCA 1979); Warren v. State, 371 So.2d 219 (Fla. 2d DCA 1979). Even if Cohron’s explanation had been relevant and admissible, however, only rebuttal evidence relevant to his personal state of mind, i.e., the subjective motivation for escaping, would be admissible; whether the public defender was in fact providing adequate representation and what the defender was working on simply was not probative of this issue. Although we agree with Cohron that the trial court erred in admitting this evidence, in view of Cohron’s trial testimony admitting all essential elements of escape, this error was harmless under the test laid down in State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
Finally, Cohron complains that it was error to sentence him as a habitual felony offender. All of the prior felony convictions serving as the predicate for classifying and sentencing him as a habitual felony offender in the record occurred on October 20, 1987. This patent lack of sequential convictions requires reversal of Cohron’s adjudication as a habitual felony offender. Barnes v. State, 576 So.2d 758 (Fla. 1st DCA 1991). As in Barnes, we certify the following question of great public importance:
WHETHER SECTION 775.084(l)(a)l, FLORIDA STATUTES (SUPP.1988), WHICH DEFINES HABITUAL FELONY OFFENDERS AS THOSE WHO HAVE “PREVIOUSLY BEEN CONVICTED OF TWO OR MORE FELONIES,” REQUIRES THAT EACH OF THE FELONIES BE COMMITTED AFTER CONVICTION FOR THE IMMEDIATELY PRIOR OFFENSE.
Appellant’s conviction is AFFIRMED. The sentence as a habitual felony offender is REVERSED and the cause is remanded for resentencing.
BARFIELD and WOLF, JJ., concur.