726 So.2d 357 (1999)
Timothy THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 97-3412
District Court of Appeal of Florida, First District.
January 29, 1999.
Steven A. Been, Public Defender's Office, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; L. Michael Billmeier, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Timothy Thomas appeals his convictions for three counts of armed robbery with a deadly weapon and concealed identity and one count of attempted armed robbery. He *358 argues that the trial court erred in admitting a police officer's testimony that Thomas, during an interview after his arrest and after he had waived his rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), had no response when told by the police officer that he had been implicated by his cousin (an employee of the establishment where the robberies took place). Thomas asserts that the testimony that he had no response to one question in the middle of the interview was an impermissible comment on his right to remain silent. We conclude that Thomas never invoked his right to silence and that the trial court did not err in admitting the testimony. Accordingly, we affirm.
The trial court expressly found that Thomas waived his Miranda rights knowingly, freely, and voluntarily. That finding of fact comes to this court clothed with a presumption of correctness. See Walker v. State, 707 So.2d 300, 310-11 (Fla.1997); McNamara v. State, 357 So.2d 410 (Fla. 1978). Thomas asserts that the testimony that he failed to respond to one question after waiving his Miranda rights was inadmissible under Doyle v. Ohio, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976)(due process prohibits impeaching a defendant's testimony by commenting on post-arrest silence after the defendant had been given Miranda warnings which implicitly promised that there would be no penalty from such silence), and State v. Smith, 573 So.2d 306, 317 (Fla. 1990)("courts must prohibit all evidence or argument that is fairly susceptible of being interpreted by the jury as a comment on the right of silence"). The Florida Supreme Court already rejected the argument that Doyle precludes this testimony in Valle v. State, 474 So.2d 796 (Fla.1985), death sentence vacated, 476 U.S. 1102, 106 S.Ct. 1943, 90 L.Ed.2d 353 (1986), receded from on other grounds in State v. Owen, 696 So.2d 715 (Fla.1997),[1] wherein the Court adopted the reasoning of the Third District Court of Appeal in Ragland v. State, 358 So.2d 100 (Fla. 3d DCA), cert. denied mem., 365 So.2d 714 (Fla.1978), and specifically quoted the portion of the Ragland opinion which distinguished Doyle. 474 So.2d at 801. As in the present case, the defendant in Valle waived his Miranda rights after his arrest and participated in an interview with police. The interrogating officer in Valle, as in the present case, testified that the defendant refused to answer one question of many. In Valle, the Supreme Court quoted with approval and applied the following reasoning from Ragland:
While we are fully aware of the restrictions placed upon prosecutors on commenting upon a defendant's exercise of his or her constitutional right to remain silent, Doyle v. Ohio, 426 U.S. 610 [96 S.Ct. 2240, 49 L.Ed.2d 91] (1976); Bennett v. State, 316 So.2d 41 (Fla.1975), the record before us conclusively demonstrates that appellant never invoked his Fifth Amendment right against self-incrimination. Rather, the record reveals that after being given his Miranda warnings, appellant freely and voluntarily conversed with the police. During this post-Miranda lengthy conversation, appellant refused to answer one question of many. We do not believe that comment upon the failure to answer a single question was violative of appellant's constitutional right, when said constitutional right was not invoked. Id. at 100.
474 So.2d at 801.
Doyle did not involve a factual scenario in which the defendant had waived his right to silence; nor did Smith. See State v. Smith, 573 So.2d at 317 n. 6 ("Smith made the quoted statement when he was in custody at the scene of the killing, but before he had been advised of his rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)").
Accordingly, finding no reversible error, we affirm.
BOOTH, LAWRENCE and DAVIS, JJ., CONCUR.
NOTES
[1] In State v. Owen, 696 So.2d 715, 720 (Fla. 1997), the Supreme Court receded from Valle to the extent that it was inconsistent with the Owen holding that an equivocal invocation of the right to remain silent does not require police to terminate the questioning. The Court held in Owen that such a request must be unequivocal.