353 So.2d 588 (1977)
Jeanette WILLIAMS a/k/a Jeanette Morgan, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-1584.
District Court of Appeal of Florida, Third District.
December 6, 1977.
Rehearing Denied January 16, 1978.
*589 Bennett H. Brummer, Public Defender and Elliot H. Scherker, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen. and Ira N. Loewy, Asst. Atty. Gen., for appellee.
Before HENDRY, C.J., and HAVERFIELD and NATHAN, JJ.
NATHAN, Judge.
The defendant, Jeanette Williams, a/k/a Jeanette Morgan, was charged by information with possession of a controlled substance; carrying a concealed firearm; buying, receiving or concealing stolen property; and robbery. She pled not guilty and was tried by jury. The jury returned verdicts of not guilty on the charge of carrying a concealed firearm, and guilty on the remaining charges. The trial court entered a judgment of acquittal on the charge of carrying a concealed firearm, adjudicated the defendant guilty on the remaining charges and sentenced her to 99 years imprisonment on the robbery conviction, and consecutive 5 year terms on the possession and buying, receiving or concealing convictions.
Defendant contends that the State elicited testimony that defendant exercised her right to remain silent while in police custody. The controlling question in this case is whether the admission of the testimony constituted error, and if so, was it fundamental error?
The record reflects that the arresting officer testified that he read the defendant her rights from the standard Miranda card; that she indicated that she understood each of them; and that he said,
"... `Knowing your rights, as I have just related them to you, are you now willing to answer [sic] any questions without having an attorney present?' She said `Yes,' but she didn't say anything."
The State then sought to introduce into evidence several inculpatory statements made by the defendant. At this point, defense counsel objected. A hearing on voluntariness was held outside the presence of the jury, and the court ruled,
"... For the purposes of this hearing, we will determine that the statements that she made, whatever she made, were freely and voluntarily given. That her constitutional rights under Miranda, were protected. The value of those statements *590 or the credit to be given to them are questions for the jury to resolve under appropriate instruction."
The jury was then brought back in, and the officer continued to testify:
A I advised her that she was under arrest for robbery...
Q Did she say anything in response to that?
A Not at that time. No, sir.
It is the defendant's position that even without objection having been made by defense counsel, the officer's two statements, "but she didn't say anything," and "[She didn't say anything] at that time. No, sir," were impermissible references to her right to remain silent, constituted a violation of her privilege against self-incrimination, as guaranteed by the United States and Florida Constitutions, and mandate reversal of her convictions. As authority, defendant cites Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); Jones v. State, 200 So.2d 574 (Fla. 3d DCA 1967); Bennett v. State, 316 So.2d 41 (Fla. 1975). Taking the officer's two statements out of context, we might be inclined to so interpret them. However, we have considered the officer's testimony in its entirety. The State's next question was,
"Q Did there come a time when she made any statement to you?"
The following then transpired:
"A She was sitting in the lobby of the Florida City police station. She made a statement then.
Q What did she say to you then?
A She said then, `We didn't get any money. All we had, we didn't take any money. We just ripped the man off for his drugs.'
Q Was that in response to any questions?
A No, sir.
Q Did she make any further remarks to you?
A Yes, sir, she did.
Q What further remarks did she make?
A She said, `I beat a murder rap one time by pleading insanity. I will do the same thing with the robbery charge.'"
We are in agreement with defendant's statement of law that generally, a prosecutor is forbidden from eliciting testimony or from commenting on a defendant's right to remain silent. However, that is not the situation in this case. From the record, we find that the prosecutor was seeking to introduce a statement of the defendant into evidence, and it was necessary to first show that she had been properly warned of her constitutional rights, and that she knowingly and voluntarily waived those rights. The record fails to show that the defendant exercised her right to remain silent. Rather, the testimony shows that she did not seek to exercise the right to remain silent, and that her inculpatory statements were made freely, voluntarily and with full knowledge of her rights.
The crucial aspect of the challenged testimony is that it was not elicited to show that the defendant did not say anything at that time. The importance of the testimony is the fact that the defendant responded that she was willing to answer questions, and willing to waive her right to remain silent. Defendant was not asked to make a statement, but rather, was asked if she was willing to answer questions. The testimony by the police officer that she did not volunteer a statement at that time, when she had not been asked to do so, did not constitute an impermissible reference to her exercise of the right to remain silent, as the record demonstrates a waiver of that right.
Generally, the voluntariness of a confession is to be determined from the totality of the circumstances. Williams v. State, 156 Fla. 300, 22 So.2d 821 (1945); State v. Chorpenning, 294 So.2d 54 (Fla. 2d DCA 1974). One of the circumstances to be considered in this case is that the defendant was in custody and had been given her Miranda rights. Under Florida law, the matter of the voluntariness of a confession is a mixed question of law and fact to be determined initially by the trial court in ruling on admissibility of the statement, and ultimately by the jury. State v. Oyarzo, 274 So.2d 519, *591 521 (Fla. 1973). The jury is entitled to have the question of the voluntariness of a confession submitted to it under appropriate instructions from the trial judge, and it may accord the confession such weight as it merits in light of all of the evidence adduced, including the circumstances under which it was made. Foreman v. State, 213 So.2d 754 (Fla. 1st DCA 1968). The record reflects that the court did instruct the jury as to the voluntariness of the confession and the weight to be accorded it.
There being no error in the admissibility of the challenged testimony, we need not reach the question of whether, had the defendant chosen to stand on her Fifth Amendment right to remain silent, admission of the testimony without objection by defense counsel would have been reversible error, even if she later made the inculpatory statement.
We have considered the other points raised by the defendant and find them to be without merit.
Affirmed.