NESBITT, Judge.
The defendant appeals his conviction for attempted robbery alleging that the court erred in denying his motion for mistrial based on the prosecutor’s impermissible comments on the defendant’s right to remain silent. We reverse.
The following colloquy took place during the prosecutor’s direct examination of the arresting officer:
PROSECUTOR: After you had advised Sosa of his rights, did he make any statements to you at the scene?
OFFICER: No, not at the scene.
DEFENSE COUNSEL: Objection, request a side bar.
THE COURT: No, he already answered the question.
DEFENSE COUNSEL: I have a motion I would like to make and I need the side bar.
THE COURT: The answer is no, simple as that.
[[Image here]]
PROSECUTOR: Where did this — Did you have a chance to interview him?
OFFICER: We didn’t even interview him because we caught him and it was really no questions to ask him. There was no question in our mind that he did it or didn’t do it.
DEFENSE COUNSEL: Objection, move to strike. He is not an expert.
THE COURT: I will strike .it, but he answered the question.
PROSECUTOR: Did he volunteer any statements to you at the station?
OFFICER: We were sitting there. He kept talking about—
DEFENSE COUNSEL: Objection, I request a side bar at this point.
THE COURT: Sustained.
(Sidebar)
DEFENSE COUNSEL: First, I move for a mistrial. The State elicited from this witness the fact that he was given his rights. There was a question as to whether Mr. Sosa said anything and he said “no”. It’s a matter of law that—
THE COURT: That’s denied.
As to the first comment, we find that counsel’s motion for a sidebar was an insufficient method by which to preserve the right to appeal this point. See Judge Pearson’s special concurrence in Kindell v. State, 413 So.2d 1283 (Fla. 3d DCA 1982).
The defendant fares better on his claim with respect to the second comment only because the trial judge consented to a sidebar at which time defense counsel made a motion for a mistrial. That motion preserved the issue for our review.
The state relies on Williams v. State, 353 So.2d 588 (Fla. 3d DCA 1977), cert. dismissed, 372 So.2d 64 (Fla.1979), to argue that the prosecutor’s comment was proper. In Williams, the prosecutor was seeking to introduce the defendant’s statement into evidence. The court found:
The crucial aspect of the challenged testimony is that it was not elicited to show that the defendant did not say anything at that time. The importance of the testimony is the fact that the defendant responded that she was willing to answer questions, and willing to waive her right to remain silent.
353 So.2d at 590. The present ease is readily distinguishable because the trial court had previously ruled that the defendant’s statement was inadmissible. Therefore, it clearly appears that the only purpose to be served by the prosecutor’s question was to prejudice the defendant.
*970 Accordingly, we reverse and remand for a new trial.