492 So.2d 1113 (1986)
OBERON INVESTMENTS, N.V., a Netherlands Antilles Corp., Appellant,
v.
ANGEL, COHEN AND ROGOVIN, Appellee.
No. 85-2759.
District Court of Appeal of Florida, Third District.
July 29, 1986.
Rehearing Denied September 10, 1986.
*1114 Shalle Stephen Fine, Coral Gables, for appellant.
Walton, Lantaff, Schroeder & Carson and Douglas H. Stein, Miami, for appellee.
Before HENDRY, NESBITT and FERGUSON, JJ.
NESBITT, Judge.
Oberon Investments, N.V. (Oberon) appeals from a summary judgment entered in favor of Angel, Cohen and Rogovin (Angel).[1] We reverse.
Oberon alleged in its complaint that: a) Leonard Treister was acting as counsel for Oberon and its subsidiary, Meson Investments, N.V., (Meson) at all times pertinent to this case; b) Treister approached Stanley Angel and requested that his law firm act as trustee for an undisclosed principal and arrange a "flip transaction," whereby Treister, the undisclosed principal, would purchase all of Meson's stock for $4,000,000 and then sell its sole asset, the Heller Building, for $4,350,000, anonymously securing a profit of $350,000; c) Angel knew that Treister was an attorney for Oberon and Meson and knew of Treister's intention to secrete a profit from his clients; and d) Angel's assistance in this matter breached a duty of care owed to Oberon.
Angel contends that it owed no duty to Oberon. We agree that the Code of Professional Responsibility does not create a duty[2] and that privity is lacking between Angel and Oberon. However, we find that the alleged facts fall within the limited exceptions to the requirement of privity and therefore reverse.
While we have held that privity is generally required in a legal malpractice action, Lorraine v. Grover, Ciment, Weinstein & Stauber, P.A., 467 So.2d 315 (Fla. 3d DCA 1985), Florida courts have recognized the general trend away from this requirement[3] and held that an attorney may be liable to a testator's beneficiary for the attorney's negligence in drafting the will. Lorraine, 467 So.2d 315; McAbee v. Edwards, 340 So.2d 1167 (Fla. 4th DCA 1976). In recognizing this exception and imposing a duty, the court in McAbee relied upon a balance of factors test, as first proposed by a California court in Biakanja v. Irving, 49 Cal.2d 647, 320 P.2d 16 (1958), wherein the court said:
The determination whether in a specific case the defendant will be held liable to a third person not in privity is a matter of policy and involves the balance of various factors, among which are the extent to which the transaction was intended to affect the plaintiff, the foreseeability of harm to him, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, and the policy of preventing future harm.
49 Cal.2d at 649-650, 320 P.2d 16, quoted in McAbee, 340 So.2d at 1169. In applying this test to the present case, clearly this *1115 transaction was intended to affect Oberon. Certainly the harm suffered by Oberon would have been foreseeable to Angel, if Stanley Angel had knowledge of Treister's capacity as Oberon's attorney. Additionally, it is without doubt that Oberon suffered a loss of profit as a result of this transaction. Furthermore, Angel's conduct in assisting Treister was clearly connected to Oberon's injury. Though it is difficult at this stage of the proceedings to attach any moral blame to Angel, this is the type of conduct which we should seek to discourage attorneys from undertaking as a matter of public policy in order to safeguard the public. Finding that most, if not all, of these factors weigh in favor of imposing a duty on Angel, should the issues of fact be resolved in favor of Oberon, Angel's conduct falls within an exception to the requirement of privity.
It was this same test which led the superior court of New Jersey in Albright v. Burns, 206 N.J. Super. 625, 503 A.2d 386 (App.Div. 1986) to conclude, in a similar situation, that an attorney may be liable to a non-client even though privity is lacking. In Albright, Bruch, a sickly man, executed a general power of attorney in favor of his nephew, Burns. Burns consulted Poe, an attorney, and requested that Poe liquidate some of Bruch's stock and loan Burns the proceeds on a promissory note. After Bruch died, an accounting of his estate revealed the outstanding promissory note and a beneficiary took exception. The court found that a sufficient relationship existed to hold Poe liable to Bruch for the alleged negligence, even though they had no contract.
Burns was acting under the power of attorney he obtained from Bruch. It was his duty to act in Bruch's best interests. Poe was aware of the relationship and potential conflict... . We think it follows that privity should not be required between the attorney and one harmed by his breach of duty where the attorney had reason to foresee the specific harm which occurred.
Albright, 503 A.2d at 389.
In the present case, if Angel knew that Treister was a fiduciary for Oberon and knew of the potential conflict, then Angel had a duty to act in Oberon's best interest. The absence of privity will not bar recovery here, because the harm would have been foreseeable to the law firm if it had knowledge of the potential conflict. Since there are material facts in dispute over Treister's capacity as attorney for Oberon and the firm's knowledge, the summary judgment was error. Accordingly, we
Reverse and remand for further proceedings.
NOTES
[1] At oral argument counsel for appellant indicated that Stanley Angel in his individual capacity was not a party to this action.
[2] Oberon argues that should the court find that Angel owed a duty to Oberon, then proof that Angel violated the Code of Professional Responsibility would be sufficient to prove negligence. Violation of the Code of Professional Responsibility does not prove negligence per se, Florida Bar Code of Professional Responsibility, Preliminary Statement (1980); see, e.g., Fishman v. Brooks, 396 Mass. 643, 487 N.E.2d 1377 (1986); Bickel v. Mackie, 447 F. Supp. 1376 (N.D.Iowa 1978), but it may be used as some evidence of negligence. Fishman, 487 N.E.2d at 1381.
[3] With regard to the growing trend away from the requirement of privity in legal malpractice actions, see Fickett v. Superior Court, 27 Ariz. App. 793, 558 P.2d 988 (1976) (attorney may be liable to the ward of a guardian for negligent representation of the guardian); Donald v. Garry, 19 Cal. App.3d 769, 97 Cal. Rptr. 191 (1971) (attorney may be liable to an individual who hires a collection agency to collect a debt for him, when the attorney negligently represents the collection agency in collecting that debt); and see generally Flaherty v. Weinberg, 303 Md. 116, 492 A.2d 618 (1985); Probert and Hendricks, Lawyer Malpractice: Duty Relationships Beyond Contract, 55 Notre Dame Law. 708 (1980).