579 So.2d 160 (1991)
Annie M. PRESSLEY, Appellant,
v.
Joseph S. FARLEY, Jr., Appellee.
No. 90-2547.
District Court of Appeal of Florida, First District.
April 8, 1991.
*161 Annie M. Pressley, pro se.
Gregg McCaulie and Joseph S. Farley, Jr., of Mahon, Farley & McCaulie, P.A., Jacksonville, for appellee.
PER CURIAM.
Ms. Pressley appeals, pro se, from the final judgment dismissing her amended complaint for legal malpractice against Mr. Farley, her former attorney. The order dismissed the amended complaint because it fails to allege a cause of action for malpractice, and also because the plaintiff had previously terminated Mr. Farley's employment and then settled her personal injury case against the alleged tortfeasor. The allegations of the complaint were based in significant part on claimed violations of the Rules of Professional Conduct. Ms. Pressley argues that she was denied her right to a jury trial under the state and federal constitutions. Mr. Farley answers that the trial court was correct and characterizes the amended complaint as a sham pleading. Ms. Pressley replies that the trial judge is a dictatorial racketeer who is obstructing justice and rewriting the rules of professional conduct by finding that the rules do not create a duty on the part of attorneys. We find no error in the trial court's ruling and affirm.
A violation of the Rules of Professional Conduct, 494 So.2d 977, 1021 (Fla. 1986), does not create a legal duty on the part of the lawyer nor constitute negligence per se, although it may be used as some evidence of negligence. Oberon Investments, N.V., v. Angel, Cohen and Rogovin, 492 So.2d 1113, 1114 n. 2 (Fla. 3d DCA 1986), quashed on other grounds, 512 So.2d 192 (Fla. 1987). The preamble to the Rules of Professional Conduct explicitly recites:
Violation of a rule should not give rise to a cause of action nor should it create any presumption that a legal duty has been breached. The rules are designed to provide guidance to lawyers and to provide a structure for regulating conduct through disciplinary agencies. They are not designed to be a basis for civil liability... . Accordingly, nothing in the rules should be deemed to augment any substantive legal duty of lawyers or the extra-disciplinary consequences of violating such duty.
494 So.2d at 1023. We agree with the trial court that the allegations of the amended complaint on these grounds are legally insufficient to state a cause of action.
Moreover, regardless of the inherent duty of care owed to Ms. Pressley by Mr. Farley as her lawyer, her amended complaint is silent regarding proximate causation and thus fails to state a cause of action for that reason also. E.g., Maillard v. Dowdell, 528 So.2d 512 (Fla. 3d DCA 1988).
AFFIRMED.
SHIVERS, C.J., and WIGGINTON and ZEHMER, JJ., concur.