676 So.2d 475 (1996)
Sharon LANE, Petitioner,
v.
Ilana SARFATI, as natural guardian of Daniel Sarfati, a minor child, and Ilana Sarfati, individually, Respondents.
No. 96-818.
District Court of Appeal of Florida, Third District.
June 12, 1996.
Rehearing Denied July 31, 1996.
Bret Clark, Miami, for petitioner.
Bedzow, Korn & Kan, P.A. and Richard C. Wolfe, Aventura, for respondents.
Before COPE, LEVY and GERSTEN JJ.
COPE, Judge.
Sharon Lane petitions for a writ of certiorari, asserting that the trial court departed from the essential requirements of law by denying Lane's motion to disqualify trial counsel for respondents Ilana Sarfati and Daniel Sarfati. We grant the petition.
Petitioner Sharon Lane provides management services for persons in theatrical professions. In 1992 Lane contacted Richard C. Wolfe to elicit his legal advice concerning the standard form contract she was using in her business. In response Wolfe provided Lane an addendum which he suggested be appended to Lane's standard form contract.
Respondent Ilana Sarfati and her minor son, Daniel Sarfati, are clients of Lane. Daniel Sarfati is a child actor. In 1995 the Sarfatis executed Lane's standard form contract for management services, including the addendum provided by Wolfe.[*]
Subsequently, disputes have arisen between Lane and the Sarfatis concerning the meaning and enforceability of the contract *476 and the addendum. The Sarfatis filed this action for declaratory and injunctive relief, and expressly asked the trial court to construe the addendum and determine whether the parties are bound by the contract. The suit was filed by other counsel, but thereafter the Sarfatis moved to allow Wolfe's law firm, Bedzow, Korn & Kan, P.A., to be substituted as their counsel. Lane objected and moved to disqualify Wolfe and his law firm. The trial court allowed the substitution and denied the motion to disqualify. Lane has petitioned for certiorari.
Because the construction of the addendum is a material issue in the present action Lane very properly moved for disqualification of Mr. Wolfe as counsel for respondents. Bar Rule 4-1.9 states:
A lawyer who has formerly represented a client in a matter shall not thereafter:
(a) represent another person in the same or substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client agrees after consultation.
Consistent with the dictates of that rule, Wolfe should be disqualified from representing a client against Lane where the issues are interpretation of Lane's standard form contract, which Wolfe reviewed, and the very addendum Wolfe provided to Lane. The comment to Rule 4-1.9 is squarely on point: "Thus, a lawyer could not properly seek to rescind on behalf of a new client a contract drafted on behalf of the former client."
It is irrelevant that the addendum was lifted from a form book or that Wolfe did not provide Lane any advice other than that she should use the addendum form. "Legal advice, after all, is by itself a legal service. It is not necessary to the existence of the [attorney-client] privilege that the lawyer render some additional service connected with the legal advice." Dean v. Dean, 607 So.2d 494, 499 (Fla. 4th DCA 1992), review dismissed, 618 So.2d 208 (Fla.1993). Moreover, in considering whether the attorney-client privilege applies so as to disqualify an attorney from opposing a former client, the focus "is on the perspective of the person seeking out the lawyer, not on what the lawyer does after the consultation." Id.
The petition for certiorari is granted and the cause remanded with directions to grant the motion for disqualification.
LEVY, J., concurs.
GERSTEN, Judge (concurring).
I concur in the result. While the Rules of Professional Conduct are referred to in disqualification proceedings as providing a base standard for testing the sufficiency of a disqualification motion, there are many other considerations which must also be analyzed. Castro v. State, 597 So.2d 259 (Fla.1992); City of Lauderdale Lakes v. Enterprise Leasing Co., 654 So.2d 645 (Fla. 4th DCA 1995). I would note further that breach of an ethical canon is not a prerequisite to disqualification, State Farm Mutual Automobile Ins. Co. v. K.A.W., 575 So.2d 630 (Fla. 1991), and I stress that the Rules of Professional Conduct are meant solely to provide ethical guidelines and for utilization in Florida Bar disciplinary proceedings. See Florida Bar re: Rules Regulating the Florida Bar, 494 So.2d 977, 1023 (Fla.), op. corrected, 507 So.2d 1366 (Fla.1986); ABA Comm. on Ethics and Professional Responsibility, Informal Op. 870 (1965) (quoting H. Drinker, Legal Ethics 194 (1953)); ABA Comm. on Professional Ethics and Grievances, Informal Op. 6 (1957); see also Mark Jay Kaufman, P.A. v. Davis & Meadows, P.A. 600 So.2d 1208 (Fla. 1st DCA 1992); Lee v. Florida Dep't of Ins. and Treasurer, 586 So.2d 1185, 1188 (Fla. 1st DCA 1991).
NOTES
[*] Lane made an immaterial change to two terms used in the addendum.