832 So.2d 831 (2002)
BEACH HIGHER POWER CORP., Appellant,
v.
Kenneth REKANT, Appellee.
No. 3D01-1735.
District Court of Appeal of Florida, Third District.
November 13, 2002.
Rehearing Denied December 18, 2002.
*832 Charles L. Neustein, Miami Beach, for appellant.
Kenneth Rekant, in proper person.
Before SCHWARTZ, C.J., and RAMIREZ, J., and NESBITT, Senior Judge.
NESBITT, Senior Judge.
In this action, Beach Higher Power Corp. (referred to herein as "BHP"), plaintiff below, appeals a summary judgment in favor of attorney, Kenneth Rekant, granted on the basis of the two year statute of limitations for professional malpractice contained in section 95.11(4)(a), Florida Statutes (2001).[1] We reverse.
On the amended complaint and moving papers, it appears that BHP sought Rekant's participation in the consolidation of three notes in the amounts of $60,000, $300,000 and $150,000. Consolidation was necessary in order for BHP to secure other financing. The $60,000 note was owned Rekant's wife, and the remaining notes were owned either by Rekant's relatives or friends. The notes all contained a provision for the highest legal rate of interest in the event of default, which was 18%. In the $510,000 consolidated note, the same provision made the applicable rate of interest on default 25%. When the principal of BHP remonstrated because of the 25% rate, Rekant told him not to worry, and that none of the payees would ever expect more than the previously applicable default rate. The principal signed on behalf of the corporation, and some eight months later, with BHP in default, the 25% interest rate was demanded. Ultimately, BHP satisfied the obligation in full, including the 25% default interest rate.
Thereafter, BHP brought this action against Rekant alleging breach of fiduciary duty and fraud, arguing that Rekant had been acting essentially on behalf of himself and his relatives or friends. Rekant maintained that he had not been acting as BHP's counsel during the matter at issue, *833 but rather that he had been acting on the payees' behalf. Rekant filed a motion for more definite statement and a determination of the applicability of section 95.11(4)(a). After a hearing on the matter, the court initially entered an order concluding that the actions alleged were not limited to the nature of malpractice and therefore the two year statute on malpractice was not applicable. Rekant filed an answer to the amended complaint still denying he acted as the attorney for BHP, and again asserting that he represented the payees of the note.
Ultimately, however, Rekant filed a stipulation wherein for the first time he alleged his representation of both BHP and the payees, in the creation of the consolidated note. BHP then filed a motion for summary judgment and motion for punitive damages asserting that Rekant had a conflict of interest, by virtue of his own stipulation. Furthermore, BHP maintained that Rekant had acted in his own pecuniary interest with regard to the transaction, and pointed to the undisputed fact that the lenders were Rekant's friends and family.
Rekant filed a motion for summary judgment claiming benefit of the two year statute of limitations regarding professional malpractice. He attached to his motion for summary judgment a letter to a law firm participating in the underlying transactions wherein he stated:
I have suggested to Judah [Judah Burstyn corporate principal] that his attorney and he need to issue a statement that confirms the obligation herein is a single note in excess of $500,000, (if such is in fact the honest opinion of the attorney and Judah).
Consequently, it appears without contradiction that during most of the time at issue, Rekant maintained that he was not acting as attorney for BHP. Nonetheless, the court ultimately entered an order dismissing BHP's amended complaint with prejudice based on the two year statute of limitations found in section 95.11(4)(a).
Plainly, under the facts of the case, attorney Rekant cannot claim the benefit of the shorter limitation period. In Mizrahi v. Valdes-Fauli, Cobb & Petrey, P.A., 671 So.2d 805 (Fla. 3d DCA 1996), the attorneys in a land sale transaction had been acting solely as escrow agents. This court concluded that the vocation of escrow agent did not qualify as a profession under the statute of limitations for professional malpractice, and thus the four-year statute of limitations, rather than the two-year professional malpractice limitations period, applied to a land purchaser's action for fraud and breach of a fiduciary duty, brought against the escrow agents, who happened to also be attorneys.
In the instant case, after BHP filed suit, for almost two years, Rekant maintained that he had not been acting as BHP's counsel at the time of the loan consolidation. Rekant himself admits another attorney drafted the consolidation note and acted as BHP's counsel. Moreover, even in his ultimate stipulation, Rekant clearly stated that when the loan documents were executed, he was representing his family's interests.[2]
In sum, considering the undisputed facts before us, we can easily observe that Rekant could not be considered BHP's attorney for the purposes of the instant suit, *834 and accordingly, the two year limitations period did not control.[3] On remand, it will be for the trial judge to consider the merits of each of the claims made against Rekant, however we readily observe that an attorney can not avoid the consequences of his actions merely on the basis of his profession.
Reversed and remanded.[4]
NOTES
[1] Section 95.11 provides:

Actions other than for recovery of real property shall be commenced as follows:
...
(4) Within two years.
(a) An action for professional malpractice, other than medical malpractice, whether founded on contract or tort; provided that the period of limitations shall run from the time the cause of action is discovered or should have been discovered with the exercise of due diligence. However, the limitation of actions herein for professional malpractice shall be limited to persons in privity with the professional.
[2] While not determinative of the matter at hand, we believe it is worth reminding lawyers that had Rekant been acting as BHP's counsel, the facts as alleged would most likely have been considered a violation of the rules of professional conduct. See Rules Regulating Fla. Bar, rule 4-1.7. (Prohibiting a lawyer from representing a client if the representation of that client will be directly adverse to the interests of another client, unless the lawyer reasonably believes the representation will not adversely affect the lawyer's responsibilities to and relationship with the other client, and each client consents after consultation.)

The rules, however, do not play into our consideration in the instant case, because the rules themselves clearly provide that they are not to be applied for the purpose of determining the existence of an attorney client relationship, or for the purpose of determining liability. The Preamble to the Rules of Professional Conduct provide in part: "for purposes of determining the lawyer's authority and responsibility, principles of substantive law external to these rules determine whether a client-lawyer relationship exists." Also, as provided in the Preamble: "[v]iolation of a rule should not give rise to a cause of action nor should it create any presumption that a legal duty has been breached." See Lane v. Sarfati, 676 So.2d 475, 475 (Fla. 3d DCA 1996)(Gersten, J., concurring).
Moreover, the inappropriateness of the alleged actions is also reflected in the general admonition that "one cannot serve two masters." The Florida Bar v. Consolidated Business & Legal Forms, Inc., 386 So.2d 797, 801 (Fla.1980).
[3] Rekant cites to O'Shea v. Phillips, 746 So.2d 1105, 1108 (Fla. 4th DCA 1999). In O'Shea, the Fourth District concluded that pre suit statutory requirements relevant to the rendering of medical care or services would be applicable to plaintiff's claims of negligent failure of a clinic to properly supervise its physician employee and its negligent retention of him. We find O'Shea to be wholly distinguishable from the question sub judice, and in no way in conflict with the analysis outlined herein.
[4] This analysis, of course, disposes of Rekant's cross appeal of the denial of his claim for fees under 57.105.