961 So.2d 1071 (2007)
HEALTH CARE AND RETIREMENT CORPORATION OF AMERICA, INC., Manor Care Health Services, Inc., d/b/a Heartland Health Care, Petitioners,
v.
Peggy BRADLEY as Personal Representative of the Estate of Buford Allen Fennel, Jr., Respondent.
No. 4D07-437.
District Court of Appeal of Florida, Fourth District.
July 25, 2007.
Rehearing Denied August 27, 2007.
*1072 Christopher J. Kaiser and Sylvia H. Walbolt of Carlton Fields, P.A., St. Petersburg, and Barry A. Postman and Lee M. Cohen of Cole, Scott & Kissane, P.A., West Palm Beach, for petitioners.
Lynn G. Waxman of Lynn G. Waxman, P.A., West Palm Beach, and Daniel G. Williams of Gordon & Doner, P.A., Palm Beach Gardens, for respondent.
GROSS, J.
In Health Care and Retirement Corporation of America v. Bradley, 944 So.2d 508 (Fla. 4th DCA 2006), this court granted a petition for writ of certiorari because the circuit court erred in failing "to apply the irrefutable presumption" of Florida Rule of Professional Conduct 4-1.9 that confidences were disclosed between a client and its former attorney. We did not "make any determination as to whether Manor Care[1] has made a sufficient showing of the second factor needed to disqualify its former lawyer: [that] the former representation was `in the same or a substantially related matter.'" Health Care, 944 So.2d at 513. We indicated that the trial court could hear additional evidence on the issue of disqualification pursuant to Rule 4-1.9(a).
On remand, without taking any additional evidence, the circuit court again denied the motion to disqualify the law firm of Gordon & Doner, P.A. The court's oral ruling correctly applied the "irrefutable presumption" and focused on the issue identified in our earlier opinion; however, the order supplied by counsel and signed by the court appears to contradict the presumption. Nonetheless, because we find that this case was not "substantially related" to the earlier representation under the rule, we deny the writ.
Filed on August 24, 2005, this lawsuit involves allegations of neglect at a nursing home leading to the death of a resident in Manor Care's Boca Raton facility on September 13, 2003. The complaint brings six causes of action, including claims arising under Chapter 400, Florida Statutes and general negligence counts. The complaint contends that the facility failed to monitor the decedent's "skin integrity," allowing for the development of "pressure ulcers." Also, the complaint alleges that the facility failed to take adequate measures to prevent falls.
From February, 2001 to December, 2004, Scott Fisher represented Health Care and Retirement Corporation of America ("Manor Care") as an associate with the law firm of Cole, Scott & Kissane, P.A. Fisher billed in excess of 2,100 hours to Manor Care in at least 60 cases. Many of the cases involved the same type of negligence as in this case, concerning pressure ulcers and falls.
At the end of December, 2004, Fisher left Cole, Scott. He began to work for Gordon & Doner in January, 2005. Manor Care filed a motion to disqualify Fisher and Gordon & Doner due to Fisher's prior representation of Manor Care.
As we wrote in Health Care,

*1073 Cases which seek the disqualification of a party's chosen counsel present complicating issues that oftentimes result in conflict between important rights: (1) the right to choose one's own counsel, and (2) the protection of the judicial system's appearance of fairness.
Rules Reg. Fla. Bar 4-1.9 cmt. (2006).
944 So.2d at 510 (citations omitted). The Comment to Rule 4-1.9 indicates that the rule is not to be broadly applied to require disqualification:
[A] lawyer who recurrently handled a type of problem for a former client is not precluded from later representing another client in a wholly distinct problem of that type even though the subsequent representation involves a position adverse to the prior client.
In 2006, the supreme court approved amendments to the Comment that narrowly defined the concept "substantially related":
Matters are "substantially related" for purposes of this rule if they involve the same transaction or legal dispute, or if the current matter would involve the lawyer attacking work that the lawyer performed for the former client. For example, a lawyer who has previously represented a client in securing environmental permits to build a shopping center would be precluded from representing neighbors seeking to oppose rezoning of the property on the basis of environmental considerations; however, the lawyer would not be precluded, on the grounds of substantial relationship, from defending a tenant of the completed shopping center in resisting eviction for nonpayment of rent.
In re Amendments to the Rules Regulating the Florida Bar, 933 So.2d 417, 445 (Fla.2006).
The Rule 4-1.9 comment defining "substantially related" is consistent with the leading case of Sears, Roebuck & Company v. Stansbury, 374 So.2d 1051 (Fla. 5th DCA 1979). The supreme court cited Stansbury with approval in State Farm Mutual Automobile Insurance v. K.A.W., 575 So.2d 630, 633 (Fla.1991). In Stansbury, a lawyer represented Sears and its manufacturer/supplier in a 1969 products liability lawsuit alleging a defect in a Craftsman rotary power lawnmower. 374 So.2d at 1052. In 1978, a lawyer in the same firm filed a products liability lawsuit on behalf of a plaintiff against Sears and its manufacturer/supplier alleging a defect in the same lawnmower that was involved in the 1969 action. Id. Applying Canon 4 of the Florida Code of Professional Responsibility, the fifth district stated the rule that controlled the case:
[B]efore a client's former attorney will be disqualified from representing a party whose interests are adverse to the former client's, the former client must show that the matters embraced in the pending suit are substantially related to the matters or cause of action wherein the attorney previously represented him, the former client.
Id. at 1053. The court found that the connection between the two cases was "obvious," so that they were "substantially related" and disqualification was required.
The holding of Stansbury would be the same under the 2006 Comment to Rule 4-1.9. The second lawnmower lawsuit required the attorney to "attack[ ] work that the lawyer performed for the former client[s]"; the lawsuit sought to establish the defectiveness of the same lawnmower that the lawyer defended from the same attack in the first lawsuit.
Here, Fisher handled a "type of problem" for Manor Carenegligence cases involving patients who suffered from pressure ulcers or falls; the current case, filed *1074 after Fisher left Cole, Scott, is a "wholly distinct problem of that type." Rules Reg. Fla. Bar 4-1.9 cmt. (2006). Unlike two products liability cases involving the identical product, each negligence case turns on its own facts. Therefore, the work in this case does not involve Fisher "attacking [the] work that [Fisher] performed for the former client." Id. This lawsuit is not "substantially related" to the earlier cases within the meaning of Rule 4-1.9(a).
The petition for writ of certiorari is denied.
SHAHOOD, C.J., and POLEN, J., concur.
NOTES
[1] Petitioner Health Care and Retirement Corporation of America, Inc.