EMAS, J.
Allen and Jill Greenwald, Plaintiffs below, appeal from a final judgment entered after a jury verdict in favor of defendants below, Gary Brown and Eisinger Brown Lewis & Frankel, P.A., on plaintiffs’ claim for legal malpractice. The plaintiffs allege the trial court committed evidentiary errors which require a new trial. We affirm.
In this appeal, Plaintiffs argue the trial court erred in granting a motion in limine precluding their expert from opining that defendant Brown violated several provisions of Chapter Four of the Rules Regulating the Florida Bar (“Rules of Professional Conduct”).[1] In Plaintiffs’ response to the motion, they argued evidence of a violation of the Rules of Professional Conduct is admissible to establish *869 the standard of care for attorneys, and as evidence of negligence in legal malpractice actions.[2] At a pretrial hearing, the court reserved ruling, stating it would “rule before we get into the substantive part of the trial.” A jury was selected and opening statements were presented the following day. Thereafter, Plaintiffs began the presentation of their case, and called their legal expert to testify. However, at no time prior to this testimony did Plaintiffs seek a ruling on defendants’ motion in limine regarding reference to the Rules of Professional Conduct. The direct examination of Plaintiffs’ expert covers fifty-six pages of transcript, and page fifty-one of the transcript contains the only references to the Rules of Professional Conduct:
PLAINTIFFS’ COUNSEL: Do the rules of ethics require an attorney to be honest?
WITNESS: To my knowledge, yes. DEFENDANTS’ COUNSEL: Objection.
THE COURT: Sustained. Let’s move on.
PLAINTIFFS’ COUNSEL: Do they require an attorney to communicate with his or her client?
DEFENDANTS’ COUNSEL: Objection.
THE COURT: Sustained.
PLAINTIFFS’ COUNSEL: Your Hon- or, may we come sidebar?
THE COURT: No, you may not.
We find Plaintiffs failed to properly preserve the issue for appeal. Although the trial court sustained an objection to the two questions (the first of which was in fact answered by the witness and never stricken), the court had made no definitive ruling on the motion in limine. The fact the trial court sustained an objection to the question and denied a request for a sidebar did not obviate the need for a proffer in this case, nor did it suffice to preserve the claimed error. See Sosa v. State, 435 So.2d 968 (Fla. 3d DCA 1983); Francis v. State, 308 So.2d 174 (Fla. 1st DCA 1975). Cf. § 90.104(1)(b), Fla. Stat. (2012) (providing “if the court has made a definitive ruling on the record admitting or excluding evidence, either at or before trial, a party need not renew an objection or offer of proof to preserve a claim of error for appeal”).[3]
*870 Plaintiffs could have sought a definitive ruling from the court at some point prior to commencing the examination of their expert. At that point, Plaintiffs could have made a proffer of the specific rules and testimony it sought to elicit from their expert, providing the court an opportunity to assess the admissibility, including relevance, probative value and prejudice. At the very least, given the sustained objection and denied sidebar, counsel should have requested an opportunity to make a proffer of the specific rules and testimony at the conclusion of its direct examination. See A. McD. v. State, 422 So.2d 336, 337 (Fla. 3d DCA 1982) (observing “[i]t is axiomatic that failure to proffer what the excluded evidence would have revealed precludes appellate consideration of the alleged error”). See also Brantley v. Snapper Power Equip., Inc., 665 So.2d 241, 242 n. 3 (Fla. 3d DCA 1995) (observing that where no adequate record of the excluded evidence is made during the hearing on the motion in limine, an offer of proof must be made at trial).
Even were this claim adequately preserved [4], our review of the record leads us to conclude that plaintiffs failed to establish the trial court abused its discretion[5] in excluding the reference to the Florida Rules of Professional Conduct, or that this exclusion, if error, was harmful. Plaintiffs sought to utilize these provisions, at least in part, to establish the appropriate standard of care. The preamble to Chapter Four of the Rules of Professional Conduct provides in pertinent part:
Violation of a rule should not itself give rise to a cause of action against a lawyer nor should it create any presumption in such a case that a legal duty has been breached. In addition, violation of a rule does not necessarily warrant any other nondisciplinary remedy, such as disqualification of a lawyer in pending litigation. The rules are designed to provide guidance to lawyers and to provide a structure for regulating conduct through disciplinary agencies. They are not designed to be a basis for civil liability. Furthermore, the purpose of the rules can be subverted when they are invoked by opposing parties as procedural weapons. The fact that a rule is a just basis for a lawyer’s self-assessment, or for sanctioning a lawyer under the administration of a disciplinary authority, does not imply that an antagonist in a collateral proceeding or transaction has standing to seek enforcement of the rule. Accordingly, nothing in the rules should be deemed to augment any substantive legal duty of lawyers or the extra-disciplinary consequences of violating such *871 duty. Nevertheless since the rules do establish standards of conduct by lawyers, a lawyer’s violation of a rule may be evidence of a breach of the applicable standard of conduct.
(Emphasis added).
Plaintiffs assert that the last sentence above mandates the admission of any rule of professional conduct claimed to have been violated by a defendant, and therefore, our standard of review is de novo. We previously have observed that “a [violation of the Code of Professional Responsibility does not prove negligence per se, ... but it may be used as some evidence of negligence.” Oberon Invs., N.V. v. Angel, Cohen & Rogovin, 492 So.2d 1113, 1114 n. 2 (Fla. 3d DCA 1986), rev’d on other grounds, 512 So.2d 192 (Fla.1987). See also Pressley v. Farley, 579 So.2d 160, 161 (Fla. 1st DCA 1991) (holding violation of the Rules of Professional Conduct does not create a legal duty on the part of the lawyer nor constitute negligence per se, although it may be used as some evidence of negligence).[6]
Nevertheless, Plaintiffs have failed to provide any case to support the proposition that the trial court had neither the discretion to determine the admissibility of this evidence, nor the authority to assess, if admissible, whether the “probative value of such evidence was substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or needless presentation of cumulative evidence.” § 90.403, Fla. Stat. (2012). We do not agree that the preamble language or the caselaw mandates the admission of such evidence; rather, the decision to admit or exclude such evidence remains vested in the broad discretion of the trial court, and will not be disturbed absent an abuse of that discretion. Hendry v. Zelaya, 841 So.2d 572 (Fla. 3d DCA 2003). This discretion may be exercised, generally, to balance the probative value against the danger of unfair prejudice, see § 90.403, or, more specifically here, to ensure the Rules of Professional Conduct are not “subverted when they are invoked by opposing parties as procedural weapons.” R. Regulating Fla. Bar 4 — Preamble.
In the instant case, each side called a legal expert to offer opinions regarding the applicable standards of care and whether the conduct of defendant Brown fell below those standards of care. The trial court reviewed the motions in limine and responses, heard argument from counsel prior to trial, and deferred ruling until the presentation of evidence at trial. Even had the motion been ruled on definitively and properly preserved prior to or during trial, we conclude that, given the relatively elementary nature of the specific rule provisions involved, the issues actually in dispute at trial, and our review of the trial testimony of the experts called on behalf of each side[7], there was no *872 abuse of discretion in the trial court’s determination.
Finding no error in the other claims raised by plaintiffs on appeal, we affirm the judgment below.
Affirmed.

. In their brief, Plaintiffs assert they sought admission of the following specific provisions: Rule 4-1.1 ("Competence. A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation.”);
Rule 4-1.3 (“Diligence. A lawyer shall act with reasonable diligence and promptness in representing a client.”);
Rule 4-1.4(a)(2)("Informing Client of Status of Representation. A lawyer shall: reasonably consult with the client about the means by which the client's objectives are to be accomplished.”);
Rule 4-1.4(b)(“Duty to Explain Matters to Client. A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding die representation.”);
Rule 4-4.1(a) ("Truthfulness in statements to others. In the course of representing a client a lawyer shall not knowingly: (a) make a false statement of material fact or law to a third person.”).

. Neither Defendants' motion in limine, nor Plaintiffs’ response, sets forth the precise rules (or testimony thereon) which plaintiffs sought to introduce. Nor did plaintiffs articulate this during the pretrial hearing. During the testimony of the experts (as discussed infra) the only two rules mentioned related to honesty and communication with the client. This failure to proffer — in their response to the motion in limine, during the hearing on the motion, or during the trial itself — the specific rules and testimony sought to be elicited (as opposed to a generic reference to the rules) underscores the need to adequately preserve the claimed error.
The primary purpose of a proffer is to set forth, on the record, the evidence sought to be introduced, so the appellate court may assess the existence and extent of any error in the exclusion of the evidence. See Frances v. State, 970 So.2d 806 (Fla.2007). Given the interlocutory nature of a ruling on a motion in limine and “the shifting sands of the trial in progress,” a proffer can serve another equally important purpose. Donley v. State, 694 So.2d 149, 150 (Fla. 4th DCA 1997). An in-trial proffer provides the trial court with the substance, scope and relevance of the evidence sought to be introduced, viewed in the context of the testimony already adduced. Such a proffer affords the trial court an opportunity to reconsider its prior ruling (or better inform a deferred ruling), and may result in the admission of the proffered evidence, eliminating any potential error. Id.; Diaz v. Rodriguez, 384 So.2d 906 (Fla. 3d DCA 1980).

. We will not speculate whether, as Plaintiffs contend in their brief, they requested the sidebar for the purpose of making a proffer to preserve this issue. A review of the trial record reveals Plaintiffs never advised the *870 court of this now-asserted purpose, nor do Plaintiffs contend the trial court in any way prevented Plaintiffs from making a proffer. Cf. Cason v. Smith, 365 So.2d 1042 (Fla. 3d DCA 1978).

. At most, the only issues which arguably have been preserved relate to whether the Rules of Professional Conduct require an attorney to be honest and to communicate with the client, as those were the only two questions posed to plaintiffs’ expert. As to the former question, the expert answered the question (although an objection was thereafter sustained), and the defendants' own expert later acknowledged, during his testimony, that "the rules of the Florida Bar are that a lawyer should not knowingly make a statement that’s false.” Thus, the only remaining error Plaintiffs could raise relate to the sustained objection to the single question of whether the Rules of Professional Conduct require an attorney to communicate with his or her client. However, in his testimony, Defendants' expert agreed a lawyer has a duty to communicate with his or her client

. Plaintiffs contend the standard of review is de novo, premised on their position that the trial court was required, as a matter of law, to admit the relevant rules to establish the standard of care. See discussion infra.

. Neither side disagrees with the proposition, as set forth in the preamble, that the rules "are not designed to be a basis for civil liability.” See also Beach Higher Power Corp. v. Rekant, 832 So.2d 831, 833 n. 2 (Fla. 3d DCA 2002) (noting that the Rules of Professional Conduct "clearly provide that they are not to be applied for the purpose of determining ... liability”).

. Notwithstanding the exclusion of any reference to the rules, the defendants’ expert, when cross-examined by plaintiffs, agreed on the existence of virtually every duty and standard of care referenced by plaintiffs, including the duty to properly represent his client to the best of his ability; the duty to understand the law and the transaction at issue; the duty to explain the transaction to the client and clear up any confusion the client may have regarding the transaction at issue; and the duty not to make false statements.
The central issue in the case was not the existence of the standards of care, but rather the factual questions surrounding defendants’ actions or inaction in the underlying transaction and whether those actions or inaction fell below the agreed-upon standards of care.
*872 Any alleged error was harmless. See § 59.0410, Fla. Stat. (2012); Golden & Co-wan, P.A. v. Estate of Kosofsky, 45 So.3d 986 (Fla. 3d DCA 2010).