# Third District Court of Appeal

## State of Florida

Opinion filed August 27, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D13-2027
Lower Tribunal No. 13-8132
_____

**Jason Robert Konoski,**
Appellant,

vs.

**Dariush Shekarkhar, etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Maria Espinosa Dennis, Judge.

Roberto D. Stanziale (Fort Lauderdale), for appellant.

Silvia Perez, for appellee.

Before LAGOA, SALTER and EMAS, JJ.

EMAS, J.

Jason Konoski appeals from the trial court's entry of a final judgment of injunction for protection against domestic violence. He contends that 1) the final judgment is not supported by competent substantial evidence, and 2) the trial court erred in excluding testimony Appellant attempted to elicit from Appellee during cross-examination.

Our review of the record reveals competent substantial evidence to support the trial court's entry of the final judgment of injunction. As to the evidentiary issue, we hold that Appellant failed to properly preserve the issue for appeal. See Frances v. State, 970 So. 2d 806 (Fla. 2007); Greenwald v. Eisinger, Brown, Lewis & Frankel, P.A., 118 So. 3d 867 (Fla. 3d DCA 2013); A. McD. v. State, 422 So. 2d 336 (Fla. 3d DCA 1982).

Finally, and although having no effect on our ultimate determination, we note with substantial concern the actions of Appellee's appellate counsel in filing an appendix containing documents outside the record which were never presented to, or considered by, the trial court. In fact, the documents contained in the appendix were generated, and pertain to events occurring, after the filing of the notice of appeal in this case. Appellee never sought leave before filing these extra-record documents, and it appears there would have been be no proper basis for granting leave had it been sought. It is axiomatic that appellate review must be limited to the record made before the trial court and it is "entirely inappropriate

2

and subjects the movant to possible sanctions to inject matters in the appellate proceedings which were not before the trial court." Rosenberg v. Rosenberg, 511 So. 2d 593, 595 n.3 (Fla. 3d DCA 1987). As our sister court has noted:

> When a party includes in an appendix material or matters outside the record, or refers to such material or matters in its brief, it is proper for the court to strike the same. That an appellate court may not consider matters outside the record is so elemental that there is no excuse for any attorney to attempt to bring such matters before the court.

Altchiler v. State, 442 So. 2d 349, 350 (Fla. 1st DCA 1983) (internal citations omitted).

We strike Appellee's appendix to the answer brief and admonish counsel for her conduct in filing it.

Affirmed.