OSTERHAUS, J.
ASI Holding Company petitions for review of an order denying a motion to disqualify counsel. ASI sought below to prevent its former counsel from representing the respondent Royal Beach & Golf Resorts, LLC, in a dispute about ASI’s nondisclosure agreement (“NDA”). The trial court denied the motion to disqualify because more than ten years had passed since the counsel had represented ASI in other NDA-related matters and due to “the circumstances” of the NDA. We grant the petition, quash the trial court’s order, and remand for the entry of an order granting ASI’s motion for disqualification.
I.
ASI operates a resort amenities business and negotiated with Royal Beach & Golf Resorts about providing services in August 2009. In the course of the negotiations, ASI disclosed the nature of its amenities program and had the Resort execute a NDA prohibiting disclosure or use of ASI’s program, proprietary information, and trade secrets.. The parties’ negotiations ultimately came to nothing and they went their separate ways. ASI later learned that the Resort was operating a “Royal Amenity Program” that ASI considered extremely similar to its own earlier-disclosed amenities program. ASI filed suit alleging a breach of the NDA among other things.
In 2014, four years into the litigation, the Resort retained new counsel, the same law firm that had represented ASI in NDA-related matters some ten years earlier. When ASI learned of Matthews & Jones (“M & J”)[1] new representation of its litigation opponent, it notified the firm of the conflict of interest and that it would not waive the conflict. Notwithstanding ASI’s notice, M & J entered an appearance and ASI followed with a motion to disqualify the firm under the conflict of interest rules.
The trial court held a hearing and denied the motion because: “The time that separates the [prior] representation and the current [representation] and the circumstances [of the NDA] are such that the Court is not persuaded that the disqualification is proper.” ASI then sought certio-rari review of the order denying disqualification.
II.
A.
“[R]eview of disqualification orders by certiorari is an accepted means of protecting clients against ongoing violations of ethical rules, particularly those involving the potential disclosure or use of confidences or information related to prior representations.” Rombola v. Botchey, 149 So.3d 1138, 1140 (Fla. 1st DCA 2014), reh’g denied (Mar. 27, 2014). Orders entered on motions to disqualify counsel are reviewed for abuse of discretion. Young v. Achenbauch, 136 So.3d 575, 580 (Fla.2014). Such discretion is “limited by the applicable legal principles, [but] the appellate court will not substitute its judgment for the trial court’s express or implied findings of fact which are supported by competent substantial evidence.” Id. at 581 (quoting Applied Digital Solutions, Inc. v. Vasa, 941 So.2d 404, 408 (Fla. 4th DCA 2006)). *670 Petitioner Has the burden to demonstrate irreparable harm and a departure from the essential requirements of the law. Rombola, 149 So.3d at 1140.
B.
ASI sought to disqualify M & J from representing the Resort under Florida Rule of Professional Conduct 4-1.9. The Rules of Professional Conduct provide standards for determining whether counsel has a disqualifiable conflict. Young, 136 So.3d at 580. To disqualify an opposing party’s counsel under Rule 4-1.9, the mov-ant must demonstrate: (1) an attorney-client relationship existed; and (2) “the matter in which the law firm subsequently represented the interest adverse to the former client was the same or substantially related to the matter in which it represented the former client.” State Farm Mut. Auto. Ins. Co. v. K.A.W., 575 So.2d 630, 633 (Fla.1991); see also Galaxy Fireworks, Inc. v. Kozar, 150 So.3d 256, 257 (Fla. 2d DCA 2014). Notably, nothing in the rule or caselaw suggests that questions regarding conflicting representations turn on the passage of time.
Applying the rule’s standard to the facts here, there is no dispute that an attorney-client relationship existed between ASI and M & J, in which confidential information is presumed to have been disclosed. See Young, 136 So.3d at 583 (quoting K.A.W., 575 So.2d at 633). Rather, the key question is whether M & J’s representation of the parties involved the same or “substantially related” matters. To be sure, M & J’s representation of the parties didn’t involve “the same” matters; the Resort wasn’t involved in the disputes in which the firm had earlier advised ASI. But matters are considered “substantially related” under the rule if the current litigation “would involve the lawyer attacking work that the lawyer performed for the former client.” Comment to R. Regulating Fla. Bar 4-1.9.
Supporting its motion below, ASI provided the sworn testimony of its principal and attached documentary evidence revealing the nature of M & J’s prior legal work for ASI. The firm provided “general counsel” type services to ASI from 2002-2004. It specifically supported ASI’s efforts to enforce the identical NDA, writing demand letters on ASI’s behalf to apparent violators. The letters expressed the firm’s opinion that the NDA was “valid and binding,” an opinion that stemmed from M & J’s own review, approval, and advice to ASI about validity and enforceability of the NDA. And it advised ASI to pursue those that violate the NDA.
By contrast, the Resort’s pleadings in this case indicate that it is defending itself on the basis that the NDA is not valid and enforceable and that its terms are vague and ambiguous. With this defense, M & J would be taking a position exactly contrary to the professional opinion and advice it gave earlier on ASI’s behalf. Again, it is undisputed that the terms of the NDA haven’t changed in all these years. As such, M & J would be placed in a position of attacking its prior legal opinion and advice regarding the NDA were it to represent the Resort in this case.
The facts of this case resemble Lane v. Sarfati, 676 So.2d 475 (Fla. 3d DCA 1996), in which an attorney advised a client regarding a contract used in her business and suggested a particular addendum. Id. When a contract dispute later arose, the party adverse to the prior client moved to have the same attorney substituted as her counsel. Id. at 475-76. The Third District Court of Appeal found in favor of disqualification even though the addendum was lifted from a form book. “Legal advice, after all, is by itself a legal service. It is not necessary to the existence of the *671 [attorney-client] privilege that the lawyer render some additional service connected with the legal advice.” Id. at 476 (quoting Dean v. Dean, 607 So.2d 494, 499 (Fla. 4th DCA 1992), review dismissed, 618 So.2d 208 (Fla.1993)). In the same way here, M & J’s prior legal services validating ASI’s ability to enforce the valid and binding terms of the NDA appear to require its disqualification due to a contrary position taken by the Resort as to the same very agreement.
We recognize that the comment to Rule 4-1.9 allows for representations opposite former clients to touch upon the particular problem area in which advice was previously rendered:
[A] lawyer who recurrently handled a type of problem for a former client is not precluded from later representing another client in a wholly distinct problem of that type even though'the subsequent representation involves a position adverse to the prior client.
See also Health Care & Ret. Corp. of Am., Inc. v. Bradley, 961 So.2d 1071 (Fla. 4th DCA 2007). In Bradley, for instance, an attorney had defended a nursing home in over sixty cases, many of which involved negligence concerning pressure ulcers and falls. Id. at 1072. After leaving his firm, the attorney assisted in filing a lawsuit against the nursing home involving allegations of neglect and failure to monitor the development of pressure ulcers. Id. The Fourth District permitted the representation of the “wholly distinct problem” that was simply of the type that he had previously handled because the matters were not “substantially related.” Id. at 1073-74 (“Unlike two products liability cases involving the identical product, each negligence case turns on its own facts.”). But this case not only involves the same “type” of representation (i.e., breach of contract), but would have M & J attacking the validity of the very document that it had previously represented to be valid and legally binding.
m.
Accordingly, we GRANT the petition for writ of certiorari, QUASH the circuit court’s order, and REMAND for entry of an order granting Petitioner’s motion for disqualification.
WOLF and MAKAR, JJ., concur.

. Matthews & Jones were previously known as Matthews & Hawkins. Attorneys Dana Matthews and John Hawkins represented ASI from 2002-2004, and remain with the firm.