# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2024-2697
_____

RAINA RIVERA,

    Appellant,

    v.

LUIS ANTONIO RIVERA-CHONG,

    Appellee.

_____

On appeal from the Circuit Court for Alachua County.
Robert K. Groeb, Judge.

February 18, 2026

NORDBY, J.

Former Wife Raina Rivera appeals the trial court's order disqualifying her trial counsel.[*] She contends that the trial court erred in granting Former Husband Luis Antonio Rivera-Chong's motion to disqualify after a non-evidentiary hearing. Because the

---

[*] We have jurisdiction. *See* Art. V, §4(b)(1), Fla. Const. (providing jurisdiction for district courts of appeal to "review interlocutory orders . . . to the extent provided by rules adopted by the supreme court"); Fla. R. App. P. 9.130(a)(3)(E) (authorizing appeals to the district courts of appeal of nonfinal orders that "grant or deny a motion to disqualify counsel").

trial court granted broad relief based on speculation rather than evidence, we reverse.

## I.

Former Wife and Former Husband (who share two minor children) have been engaged in post-dissolution of marriage proceedings for several years. At some point, Former Wife married her counsel. Upon learning of the marriage, Former Husband moved to disqualify Former Wife's counsel under Florida Rule of Professional Conduct 4-3.7 on the grounds that counsel could not be counsel of record as he was a material witness in the case. The motion also asserted that the disqualification should be imputed to counsel's firm under Rule 4-1.10. At the time, several pleadings were pending (raising issues related to time-sharing, parental responsibility, and the children's designated school).

At the hearing on the motion, the parties presented argument as to whether counsel should be disqualified based on the possibility that Former Husband would call counsel as a witness. But no party submitted any evidence. And at that time, Former Wife's counsel/new husband had not been deposed by Former Husband to explore what he might be called to testify about.

At the close of arguments, and in its written order, the trial court explained that it was granting the disqualification request out of an abundance of caution. In full candor, the trial court explained it wanted to avoid "a train wreck of [having to disqualify Former Wife's counsel] in the middle of trial or right before trial." Without addressing Rule 4-3.7, the trial court reasoned that the case involved the modification of a parenting plan and thus required consideration of the statutory factors related to the best interest of the children. In the trial court's view, Former Wife's counsel *may* have unique information that bore on those factors and *might* be called by Former Husband as a witness. And while it was unclear to the trial court whether Former Wife's counsel would in fact be called, what he may be called to testify about, or whether his testimony would be identical to that of Former Wife's testimony, the trial court concluded that the uncertainty warranted disqualification of counsel from representing Former Wife.

2

## II.

We review a trial court's order on a motion to disqualify for an abuse of discretion. *ASI Holding Co. v. Royal Beach & Golf Resorts, LLC*, 163 So. 3d 668, 669 (Fla. 1st DCA 2015) (citing *Young v. Achenbauch*, 136 So. 3d 575, 580 (Fla. 2014)). On review, we test a disqualification order "against the standards imposed by the Rules of Professional Conduct." *Estright v. Bay Point Improvement Ass'n,* 921 So. 2d 810, 811 (Fla. 1st DCA 2006) (alteration omitted) (quoting *Morse v. Clark*, 890 So. 2d 496, 497 (Fla. 5th DCA 2004)).

We begin with Rule 4-3.7, which states:

**(a) When Lawyer May Testify.** A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness on behalf of the client unless:

(1) the testimony relates to an uncontested issue;

(2) the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony;

(3) the testimony relates to the nature and value of legal services rendered in the case; or

(4) disqualification of the lawyer would work substantial hardship on the client.

**(b) Other Members of Law Firm as Witnesses.** A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by rule 4-1.7 or 4-1.9.

On the record before us, we cannot say that Rule 4-3.7 requires disqualification. In plain language, the rule establishes that a lawyer may not serve as an advocate and a necessary witness *at trial* and *on behalf of the client*. Here, the trial court's disqualification ruling was not limited to counsel's representation

3

at trial and Former Wife maintained that she had no intention to call counsel as a witness on her behalf.

The record also shows no certainty whether Former Husband would call counsel as a witness. Former Husband offered no evidence that counsel's testimony would be contrary to his client, let alone any evidence of the content of counsel's likely testimony. *See Steinberg v. Winn-Dixie Stores, Inc.*, 121 So. 3d 622, 625 (Fla. 4th DCA 2013) ("[a] conflict requiring disqualification . . . could arise if an opposing party called trial counsel as a witness and counsel's testimony was adverse to the client's position."). And the record contains no evidence as to how Rule 4-3.7 would apply. Rather, the trial court speculated about the substance of counsel's potential testimony and focused on the legal standard it would need to apply in resolving the pending pleadings—the best interest of the children. Nothing in Rule 4-3.7 contemplates that legal standard being applied to a disqualification request.

Finally, we note that the disqualification order granted broad relief: complete disqualification of counsel from representing Former Wife. Nothing limited the scope of the disqualification to specific matters or phases of litigation for which counsel would be a witness. We are aware of the trial court's concern that Former Wife's chosen counsel (her new spouse) would potentially cause a "train wreck in the middle of trial or right before trial." But "[d]isqualification of counsel is an extraordinary remedy—one that should be rare." *Phinney v. Phinney*, 50 Fla. L. Weekly D207, D207 (Fla. 3d DCA Jan. 15, 2025). In our adversarial legal system, a party's choice of counsel is an important right. Given the lack of an evidentiary record to support the trial court's broad disqualification order, we must reverse.

REVERSED.

BILBREY and KELSEY, JJ., concur.

4

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Brian North, Kenny Leigh & Associates, Huntersville, North Carolina, for Appellant.

No appearance for Appellee.